Opinion
BLUMENFELD, J.*—
INTRODUCTION
While representing himself, defendant Baltazar Culbadora Fedalizo admitted he had violated his felony probation in this case by committing another crime in a new case and was sentenced in both cases to an aggregate three-year term in county jail. After the passage of Proposition 47, defendant petitioned to recall his sentence in both cases. The trial court appointed counsel for him, granted the petition in this case only, and resentenced him on three misdemeanor convictions to three consecutive terms of 364 days in county jail to be served concurrently with the terms imposed on the four remaining misdemeanor counts. Defendant claims that he was denied his Sixth Amendment right to represent himself and his right to be present at the resentencing hearing in this case. Because the record before us indicates that defendant waived these rights, we affirm.
PROCEDURAL BACKGROUND
In June 2014, defendant was charged with four felony counts of second degree burglary (Pen. Code, § 459),[1] one felony count of receiving stolen *102 property (§ 496, subd. (a)), and misdemeanor counts of possession of burglary tools (§ 466) and driving with a suspended license (Veh. Code, § 14601.1, subd. (a)). (People v. Fedalizo (Super. Ct. L.A. County, 2014, No. KA103656) (case No. KA103656).)
In August 2014, defendant, representing himself, waived his rights to a jury trial and pleaded no contest to all counts. The trial court placed defendant on three years of formal probation with credit for time served.
In September 2014, defendant violated the terms of his probation by committing another crime, counterfeiting a seal (§ 472). He was charged with this crime in a felony complaint filed a few months later. (People v. Fedalizo (Super. Ct. L.A. County, 2014, No. KA108474) (case No. KA108474).)
In December 2014, defendant appeared for an arraignment and plea on the felony complaint for counterfeiting a seal. At that hearing, defendant announced that while he had worked with a lawyer from the public defender’s office to obtain a plea agreement with the prosecution, he wished to represent himself “for the plea and the sentencing.” The trial court granted his request. After waiving his rights to counsel, a preliminary hearing, and a jury trial, defendant pleaded no contest to one felony count of counterfeiting a seal in case No. KA108474 and admitted his probation violation in case No. KA103656. Pursuant to the negotiated agreement, the trial court sentenced defendant to three years in county jail in case No. KA103656 (consisting of the three-year upper term for one count of burglary, concurrent two-year middle terms on the remaining felony counts, and concurrent six-month and one-year terms for possession of burglary tools and driving on a suspended license, respectively). In case No. KA108474, the court sentenced defendant to a term of 365 days in county jail for counterfeiting a seal to be served concurrently with the sentence imposed in case No. KA103656.
On February 6, 2015, defendant filed a petition in propria persona to reduce his five felony convictions for burglary and receiving stolen property in case No. KA103656 to misdemeanors under Proposition 47. He filed a similar petition to reduce his felony conviction for counterfeiting a seal in case No. KA108474.
On March 5, 2015, the court heard the Proposition 47 petitions. Defendant was not present at the hearing. According to the minute order — and as confirmed by the reporter’s transcript of the proceedings — defendant was represented by appointed counsel, a deputy public defender. The record does not reflect when counsel was appointed to represent defendant, though defendant acknowledges on appeal that the court “appointed counsel” for him. The court granted the petition in this case without opposition by the *103 prosecution and reduced defendant’s five felony convictions to misdemeanors. Before resentencing defendant, the trial court noted for the record that the deputy public defender had waived defendant’s appearance. The court then resentenced defendant without objection to three consecutive terms of 364 days in county jail on counts 1 through 3, and concurrent terms on the four remaining misdemeanor counts. The trial court then denied defendant’s petition to reduce his felony conviction for counterfeiting a seal to a misdemeanor under Proposition 47, which we affirmed in a separate appeal. (People v. Fedalizo (Dec. 22, 2015, B264538) [nonpub. opn.].) The trial court did not resentence defendant in that case.
On March 30, 2015, defendant filed a “motion to modify sentence structure,” which this court deemed the notice of appeal in this case. In that “motion,” defendant challenged the propriety of imposing consecutive sentences. He did not complain about being represented by counsel at the resentencing hearing.
DISCUSSION
Defendant contends that the trial court deprived him of his Sixth Amendment right to represent himself at the Proposition 47 hearing.[2] An erroneous denial of a valid request for self-representation is reversible per se. (People v. Williams (2013) 58 Cal.4th 197, 253 [165 Cal.Rptr.3d 717, 315 P.3d 1].) We reject defendant’s contention because it is based on the unsupported assumption that he continued to assert rather than waive this right. We also reject his contention that, apart from the alleged violation of his right to self-representation, the trial court deprived him of his right to be present at the hearing. Defendant has forfeited the issue, and the argument is otherwise meritless.
A. The Sixth Amendment Right to Self-representation
Under the Sixth and Fourteenth Amendments, a criminal defendant has two mutually exclusive rights at all critical stages of a criminal prosecution — the right to counsel and the right to self-representation. (Faretta v. *104 California (1975) 422 U.S. 806, 819 [45 L.Ed.2d 562, 95 S.Ct. 2525] [“The Sixth Amendment does not provide merely that a defense shall be made for the accused; it grants to the accused personally the right to malee his defense.”]; accord, People v. Lewis and Oliver (2006) 39 Cal.4th 970, 1001 [47 Cal.Rptr.3d 467, 140 P.3d 775].)
There are fundamental differences between these two rights. (People v. Marshall (1997) 15 Cal.4th 1, 20 [61 Cal.Rptr.2d 84, 931 P.2d 262] [“The high court has not extended the same kind of protection to the right of self-representation.”].) For example, “[t]he right to counsel is self-executing; the defendant need make no request for counsel in order to be entitled to legal representation.” (People v. Koontz (2002) 27 Cal.4th 1041, 1069 [119 Cal.Rptr.2d 859, 46 P.3d 335].) The right to self-representation, on the other hand, must be clearly, timely, and effectively invoked. Effective invocation of the right to self-representation requires a defendant to waive the right to counsel knowingly, intelligently, and voluntarily. (Faretta v. California, supra, 422 U.S. at p. 835 [citing the waiver standard set forth in Johnson v. Zerbst (1938) 304 U.S. 458 [82 L.Ed. 1461, 58 S.Ct. 1019] (the Zerbst standard)].) Courts must indulge every reasonable inference against waiver of the right to counsel. (Brewer v. Williams (1977) 430 U.S. 387, 404 [51 L.Ed.2d 424, 97 S.Ct. 1232]; Marshall, supra, at p. 20.)
Even after effective invocation, the right to self-representation can be waived. The standard for waiving the right to self-representation is substantially less stringent than it is for waiving the right to counsel. That is, the United States Supreme Court has not applied the Zerbst standard to the right to self-representation. (McKaskle v. Wiggins (1984) 465 U.S. 168, 183 [79 L.Ed.2d 122, 104 S.Ct. 944].) That right may be waived expressly or impliedly through conduct that is inconsistent with the assertion of the right. (Ibid. [“Once a pro se defendant invites or agrees to any substantial participation by counsel, subsequent appearances by counsel must be presumed to be with the defendant’s acquiescence, at least until the defendant expressly and unambiguously renews his request that standby counsel be silenced.”]; accord, People v. D’Arcy (2010) 48 Cal.4th 257, 285 [106 Cal.Rptr.3d 459, 226 P.3d 949] [“a waiver or abandonment of the Faretta right to self-representation may be inferred from a defendant’s conduct”]; People v. Rudd (1998) 63 Cal.App.4th 620, 631 [73 Cal.Rptr.2d 807] [“the Sixth Amendment self-representation right does not exist when a defendant prior to or during trial acquiesces in the assignment or participation of counsel in the defense”].)[3]
*105 Applying the relevant waiver standard, we conclude that defendant has not demonstrated that he was denied his right to self-representation. At the hearing on March 5, 2015, a deputy public defender appeared and represented that defendant had waived his presence. Absent evidence that defense counsel misrepresented his authority to appear for defendant and waive his presence, we cannot presume that counsel neglected to obtain defendant’s consent before proceeding as his attorney. (People v. Sanghera (2006) 139 Cal.App.4th 1567, 1573 [43 Cal.Rptr.3d 741] [“Perhaps the most fundamental rule of appellate law is that the judgment challenged on appeal is presumed correct, and it is the appellant’s burden to affirmatively demonstrate error.”].) To do otherwise would be contrary to the basic requirement that we “ ‘ “indulge in every presumption to uphold a judgment” ’ ” and that we look to the appellant to show error. (People v. Sullivan (2007) 151 Cal.App.4th 524, 549 [59 Cal.Rptr.3d 876],)[4]
The subsequent facts, moreover, do not call into question the deputy public defender’s representations to the trial court. Shortly after the March 5th hearing, defendant himself moved to modify the misdemeanor sentence. If defendant had not authorized the attorney to represent him at that hearing, this would have been an exceptionally opportune time to notify the court of this fact. (Cf. People v. Kenner (1990) 223 Cal.App.3d 56, 62 [272 Cal.Rptr. 551] [“Defendants who sincerely seek to represent themselves have a responsibility to speak up.”].) Yet he did not suggest that such an irregularity had occurred. Nor did he seek to set aside all that had occurred at the hearing while being represented by counsel: he accepted the reduction to a misdemeanor and only protested the use of consecutive resentencing. In addition, when defendant appealed the denial of his Proposition 47 petition in case No. KA108474, which the trial court heard immediately after the resentenc-ing in this case, he did not claim that the deputy public defender lacked authority to appear for him and waive his presence. All the evidence thus points in one direction — namely, that defendant authorized counsel to represent him or at least acquiesced in the representation. At least that is the record *106 before us, and defendant has offered nothing to the contrary despite his affirmative burden to show error. (People v. Sullivan, supra, 151 Cal.App.4th at p. 549.)
The dissent reaches the opposite conclusion because it reverses the presumptions on appeal, assuming error rather than correctness. Viewed in its proper light, the record shows that the deputy public defender made an appearance on behalf of defendant and waived his client’s right to be present: the minute order indicates that defendant was being represented by the deputy public defender and appearing through him pursuant to section 977 and the reporter’s transcript indicates that the deputy public defender appeared for defendant and waived his presence. If the presumption of correctness is to have any meaning, it requires us to draw a reasonable inference that defendant authorized the deputy public defender to act on his behalf and waive his presence.[5] To presume otherwise is to infer instead that the lawyer acted without authority in violation of his solemn legal duty. (Bus. & Prof. Code, § 6104 [attorney precluded from appearing for a party without authority].) That is precisely the negative inference defendant invites us to make on appeal.[6] The dissent accepts this invitation and does so without addressing how the record establishes lack of authority and without meaningfully explaining how its view comports with well-settled law requiring us to draw the opposite conclusion. (See Tsakos Shipping & Trading, S.A. v. Juniper Garden Town Homes, Ltd. (1993) 12 Cal.App.4th 74, 95 [15 Cal.Rptr.2d 585] [“[A] presumption exists that an attorney who appears on behalf of a party has authority to do so. This presumption may be overcome only by a strong showing that the attorney had no authority.”]; accord, Sarracino v. Superior Court (1974) 13 Cal.3d 1, 13 [118 Cal.Rptr. 21, 529 P.2d 53] [“An attorney’s *107 authority to represent his purported client is presumed in the absence of a strong factual showing to the contrary.”]; In re Helen W. (2007) 150 Cal.App.4th 71, 78 [57 Cal.Rptr.3d 914] [“in the absence of evidence affirmatively showing the attorney’s lack of authorization, a notice of appeal signed by the client’s attorney should raise no question about its validity”]; People v. American Bankers Ins. Co. (1987) 191 Cal.App.3d 742, 745 [236 Cal.Rptr. 501] [“An oral statement by counsel that he is appearing on the defendant’s behalf and is ready to proceed with the hearing or trial will suffice absent proof that the attorney did not have authority to proceed on the defendant’s behalf . . . .”].)
To assume that the deputy public defender acted without authority would not only be contrary to well-settled law and the norms of appellate review, but also would cause serious and needless disruption to the court system.[7] Courts routinely rely on the express or implied representations of attorneys, as officers of the court, on a wide range of matters. (See, e.g., In re Reno (2012) 55 Cal.4th 428, 510 [146 Cal.Rptr.3d 297, 283 P.3d 1181] [“Attorneys are officers of the court and have an ethical obligation to advise the court of legal authority that is directly contrary to a claim being pressed.”]; Hahn v. Diaz-Barba (2011) 194 Cal.App.4th 1177, 1191 [125 Cal.Rptr.3d 242] [staying civil litigation and relying on representations of attorneys as officers of the court that their clients will submit to the jurisdiction of the Mexican courts].) The inability to rely on counsel’s representations would be especially disruptive in misdemeanor courts. In most misdemeanor cases, a defendant is not required to make an appearance. (§ 977, subd. (a).) When defense counsel appears in such cases stating that he or she is appearing “977(a),” trial courts regularly accept that representation, unless there is specific cause for doubt. A trial court is not required to get written confirmation from the defendant or to order the defendant to appear for that purpose. (Olney v. Municipal Court (1982) 133 Cal.App.3d 455, 461, fn. *108 5 [184 Cal.Rptr. 78].) We see no reason to disturb the normal operations of the court out of fear that a defense attorney will not fulfill his or her most basic duty.[8]
Furthermore, trial courts have substantial flexibility to devise practical procedures to implement Proposition 47, so long as those procedures are consistent with the proposition and any applicable statutory or constitutional requirements. (People v. Perkins (2016) 244 Cal.App.4th 129, 138 [197 Cal.Rptr.3d 743] [“We recognize Proposition 47 has imposed a substantial, if temporary, burden on the courts. Superior courts have inherent authority to adopt procedures needed to exercise jurisdiction as well as to manage and control their dockets.”].) In this context, a trial court is not required to determine directly from the defendant whether he or she has consented to legal representation. As the leading treatise on Proposition 47 aptly states: “It would be wasteful of court time and resources to schedule court hearings for the purpose of determining whether a petitioner or applicant desires an attorney. Courts may find it most productive to refer all pro se petitions to the public defender, which, in turn, would make personal contact with the individual.” (Couzens et al., Sentencing California Crimes (The Rutter Group 2015) § 25:8.)
The trial court in this case appeared to follow this procedure and appointed the public defender’s office. Although the record does not disclose who initiated discussions about legal representation (i.e., the court, the deputy public defender, or defendant), this omission is not critical to the waiver decision. Provided that defendant actually communicated with the deputy public defender, he could choose whether to consent or decline to be represented. As defendant concedes, there is nothing in “the record . . . showing that [he] never consulted with appointed counsel.” Because defendant has not shown that the deputy public defender acted without his approval, we find that he waived his right to self-representation.
*109 B. The Right to Be Present at Resentencing
We also reject defendant’s separate claim that he was erroneously deprived of his right to be present at the hearing. He makes this argument for the first time in his reply brief, and then he does so only conclusorily, asserting that section 977, subdivision (a) — which allows a misdemeanor defendant to appear by counsel — does not apply because “this case was not a misdemeanor before the court granted the Proposition 47 motion.” Defendant has forfeited the issue by raising it in an untimely and superficial fashion. (Sourcecorp, Inc. v. Shill (2012) 206 Cal.App.4th 1054, 1062, fn. 7 [142 Cal.Rptr.3d 414] [“This cursory and belated invocation of a different argument forfeits our plenary consideration of it.”].)
The argument also fails on the merits. When a defendant files a petition to recall a sentence under Proposition 47, the trial court must first decide the defendant’s eligibility for the requested relief (i.e., whether the crime qualifies for reduction to a misdemeanor and whether the defendant previously has suffered any disqualifying convictions). (§ 1170.18, subds. (a), (b), (i).) This decision typically can be made without a hearing because eligibility is often obvious on the incontrovertible written record. (People v. Perkins, supra, 244 Cal.App.4th at p. 137 [“We read the statute to fairly imply that in the normal case the superior court will rule on the basis of the petition and any supporting documentation.”].) Indeed, it is well established that a represented defendant has no constitutional or statutory right to be present to address purely legal questions or where his or her “presence would not contribute to the fairness of the proceeding.” (People v. Perry (2006) 38 Cal.4th 302, 312 [42 Cal.Rptr.3d 30, 132 P.3d 235] [“a defendant may ordinarily be excluded from conferences on questions of law, even if those questions are critical to the outcome of the case . . .”]; see, e.g., People v. Lopez (2013) 56 Cal.4th 1028, 1052 [157 Cal.Rptr.3d 570, 301 P.3d 1177] [no right to be present during questioning of prospective jurors in chambers and sidebar conference's]; People v. Butler (2009) 46 Cal.4th 847, 865 [95 Cal.Rptr.3d 376, 209 P.3d 596] [no right to be present during discussion about jury instructions].[9]
*110 In this case, the trial court conducted this unopposed eligibility review in open court only as a prelude to resentencing. In fact, the hearing on eligibility consisted entirely of asking the prosecutor whether he agreed with the court that defendant was entitled to the relief. When the prosecutor agreed, the court granted the petition and then turned to the issue of resentencing. It is apparent that the court already had screened for eligibility on the written record and did no more than place the unopposed results of that screening on the record. Defendant was not entitled to be present for this part of the uncontested eligibility hearing. (See fn. 9, ante, and accompanying text; cf. People v. Oehmigen (2014) 232 Cal.App.4th 1, 7 [181 Cal.Rptr.3d 569] [no due process right to a hearing under Prop. 36 to determine eligibility when no facts are in dispute].)
Once the court granted defendant’s petition to recall the sentence on the felony conviction, the crimes became misdemeanors by operation of law for purposes of resentencing. (§ 1170.18, subd. (k) [“[a]ny felony conviction that is recalled and resentenced under subdivision (b) or designated as a misdemeanor under subdivision (g) shall be considered a misdemeanor for all purposes . . . ,” except for the firearm restriction].) The resentencing therefore had to comply with section 1193, subdivision (b), which provides; “If the conviction be of a misdemeanor, judgment may be pronounced against the defendant in his absence.”
Pronouncing judgment against a defendant in absentia, however, can only be done with a valid waiver, because a criminal defendant has a constitutional and statutory right to be present at sentencing. (People v. Cole, supra, 33 Cal.4th at p. 1231 [constitutional right to be present at all critical stages]; see People v. Doolin (2009) 45 Cal.4th 390, 453 [87 Cal.Rptr.3d 209, 198 P.3d 11] [sentencing is a critical stage]; People v. Rouse, supra, 245 Cal.App.4th at p. 300 [resentencing is a critical stage]; accord, People v. Wilen (2008) 165 Cal.App.4th 270, 287 [80 Cal.Rptr.3d 895] [constitutional right to be present at sentencing]; see also § 977, subd. (a) [explaining presence requirement and waiver procedures].) Where, as here, a defendant is resen-tenced on a misdemeanor conviction only, the defendant is permitted to waive his constitutional right to be personally present and to exercise his “statutory right [under section 977, subdivision (a)] to appear through counsel.” (Olney v. Municipal Court, supra, 133 Cal.App.3d at p. 462 [finding that a court’s “ ‘blanket policy’ ” requiring a misdemeanor defendant’s appearance violated his statutory right].) Of course, the absent defendant must authorize the acts of his counsel. “However, the court can rely upon the representations of defense counsel that the accused was knowingly absent from the proceedings.” (Id. at p. 461, fn. 5.) This is all the trial court did here.
*111 DISPOSITION
The order is affirmed.
Perluss, P. J., concurred.

Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

 Statutory references are to the Penal Code, unless otherwise indicated.

 Division Eight of this court recently decided, as “a question of first impression,” that “a postconviction resentencing hearing on a petition under [Proposition 47] is a ‘critical stage’ of a criminal prosecution to which the Sixth Amendment right to counsel attaches.” (People v. Rouse (2016) 245 Cal.App.4th 292, 297 [199 Cal.Rptr.3d 360].) The People do not question whether defendant had such a right. Instead, the People contend that defendant’s prior waiver of his right to counsel did not extend to the resentencing hearing because that hearing “constituted a new proceeding.” The case cited by the People, People v. Crayton (2002) 28 Cal.4th 346 [121 Cal.Rptr.2d 580, 48 P.3d 1136], does not support this contention. On the contrary, the court there concluded that, under federal law, “a waiver of counsel has been held to remain in effect despite various breaks in the proceedings,” up to and including resentenc-ing. (Id. at p. 362.)

 The federal courts have applied this standard as well. (See, e.g., Munkus v. Furlong (10th Cir. 1999) 170 F.3d 980, 984 [“[A] waiver or a termination of the right to self-representation may occur without the defendant’s knowledge or consent. In fact, a waiver or termination may result merely from the defendant’s equivocation.”]; U.S. v. Singleton (4th Cir. 1997) 107 F.3d *105 1091, 1096 [“ ‘the right to self-representation can be waived by failure timely to assert it, or by subsequent conduct giving the appearance of uncertainty’ ”]; Williams v. Bartlett (2d Cir. 1994) 44 F.3d 95, 100 [“Once asserted, however, the right to self-representation may be waived through conduct indicating that one is vacillating on the issue or has abandoned one’s request altogether.”].)

 The dissent attempts to distinguish Sanghera and Sullivan on their facts and in the process loses sight of the principle for which they stand — a principle that is at the core of appellate review and at the center of our disagreement. “ ‘A judgment or order of the lower court is presumed correct. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.’ [Citations.]” (Denham v. Superior Court (1970) 2 Cal.3d 557, 564 [86 Cal.Rptr. 65, 468 P.2d 193]; accord, Mountjoy v. Bank of America, N.A. (2016) 245 Cal.App.4th 266, 277 [199 Cal.Rptr.3d 495].)

 In its search for error rather than correctness, the dissent narrowly construes the record. The dissent states that “the deputy public defender never said he represented Fedalizo.” (Dis. opn., post, pp. 112-113.) But the deputy public defender’s actions speak equally loudly: he proceeded to represent defendant after the trial court noted his representation for the record. It is this same narrow reading that leads the dissent to conclude that the deputy public defender did not waive his client’s presence. After noting that the deputy public defender had “waiv[ed] [his] client’s appearance,” the trial court resentenced defendant. The trial court then called defendant’s second Proposition 47 case (case No. KA108474) and confirmed with the deputy public defender that he waived his client’s appearance. The record thus reflects a waiver in each of the back-to-back proceedings. Yet the dissent ignores the first waiver and treats the second as if it had occurred in a separate proceeding on a separate day with a separate client. Absent supporting facts in the record, we should not draw the counterintuitive conclusion that defendant authorized the deputy public defender to represent him in only one of two simultaneously heard cases that could have resulted in a related resentencing if both petitions were granted.

 Defendant argues: “While it is true that the record makes no showing that [defendant] never consulted with appointed counsel, the inference that there was no such consultation is strong given when and how counsel was appointed and the fact that only one month passed between the filing of the petition and the hearing, and that [defendant] was in state prison that entire time.”

 The dissent wrongly suggests that the “true basis” of our implied waiver finding is that we are more concerned about court efficiency than constitutional rights. (Dis. opn., post, p. 115.) Nothing could be further from the truth: we would not hesitate to reverse if the record demonstrated that defendant’s lawyer acted without authority. Our disagreement with the dissent is not over the importance of constitutional rights; rather, we part ways on a fundamental issue of appellate, review. The dissent would find waiver if the defense lawyer had expressly stated that he had authority to appear for defendant, and otherwise presumes lack of authority. We find that the lawyer’s act of appearing on behalf of his client and waiving his presence conveys the same meaning, particularly in light of the presumption of authority established in a long line of cases. Applying the presumptions of correctness and authority, we will not assume — as does the dissent — that the lawyer acted improperly.

 In the event that an attorney does breach his or her duty, a defendant is free to ask the trial court to set aside any ruling made in violation of the defendant’s Sixth Amendment rights or pursue an appropriate appellate or collateral remedy. A direct appeal, however, is not viable where the record omits critical facts necessary to support a claim. By way of analogy, a direct appeal raising a claim of ineffective assistance of counsel that depends on an attorney-client communication must provide record evidence of that communication. (People v. Pope (1979) 23 Cal.3d 412, 426 [152 Cal.Rptr. 732, 590 P.2d 859] [collateral review required for ineffective assistance claims that depend on evidence outside the record].) In deciding an appeal, we do not assume facts, much less facts that are contrary to the record' — which is what we would have to do here if we were to conclude that defense counsel misrepresented his authority to the court.

 The right to be present has constitutional and statutory origins. (People v. Cole (2004) 33 Cal.4th 1158, 1231 [17 Cal.Rptr.3d 532, 95 P.3d 811].) The Sixth Amendment affords a defendant the right to be present when necessary to effectively cross-examine witnesses. (Cole, supra, at p. 1231.) The Fourteenth Amendment’s due process clause provides a defendant the right to be present at all critical stages where his or her presence could contribute to the fairness of the proceedings. (Cole, supra, at p. 1231.) Article I, section 15 of the California Constitution secures a defendant’, s right to be present at those proceedings that bear a “ ‘ “ ‘ “ ‘reasonably substantial relation to the fullness of his opportunity to defend against the charge.’ ” ’ ” ’ ” (Cole, supra, at p. 1231.) The statutory right to be present, found in sections 977 and 1043, is coextensive with the California constitutional right set forth in article I, section 15. (Cole, supra, at p. 1231.)