Filed 10/18/21  P. v. Gates CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>WILLIAM CHARLES GATES,<br><br>    Defendant and Appellant. | D077631<br><br><br>(Super. Ct. No. SCD274056) |


APPEAL from a judgment of the Superior Court of San Diego County, Melinda J. Lasater, Judge.  Remanded with directions.

Charles R. Khoury, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Michael Pulos, and Nora S. Weyl, Deputy Attorneys General, for Plaintiff and Respondent.

Following a bench trial, William Charles Gates was convicted of assault by means of force likely to produce great bodily injury (Pen. Code,[1] § 245, subd. (a)(4)), battery with serious physical injury (§ 243, subd. (d)), and battery by gassing (§ 243, subd. (9)(a)). The court also found true that Gates personally inflicted great bodily injury (§§ 1192.7, subd. (c)(8) and 12022.7, subd. (a)); was ineligible for parole (§ 1203, subd. (e)(4)); had served two prior prison terms (§ 667.5, subd. (b)); had a serious felony prior (§ 667, subd. (a)(1)); and had a strike prior (§§ 667, subds. (b)-(i), 1170.12, 668). The court sentenced Gates to 17 years in prison. Gates successfully appealed, and at a resentencing hearing from which Gates was absent, the court sentenced him to 16 years in state prison and imposed the minimum amounts for the restitution fine and for fees and assessments.

Gates appeals the superior court's resentencing, contending (1) he was prejudiced by his improper exclusion from the resentencing hearing; (2) the court failed to recalculate custody credits, and (3) the court improperly imposed the fines, fees, and assessments. The Attorney General challenges Gates's first and third contentions but concedes the court should have recalculated the custody credits. The Attorney General also contends that the abstract of judgment must be modified to reflect amendments to section 667.5, subdivision (b), eliminating the one-year prior prison term enhancements.

We will remand the matter for resentencing so the court can recalculate custody credits and strike the one-year prior prison term enhancements from the abstract of judgment. Because we are remanding the matter for resentencing, Gates will have the opportunity to make additional

---

[1] Further statutory references are to the Penal Code unless otherwise specified.

arguments regarding the length of his sentence and challenging the fees and assessments based on his claim of inability to pay.

## I.

## BACKGROUND AND PROCEDURAL FACTS

We include the underlying facts of the offenses to provide context for the resentencing court's conclusions.

On October 4, 2017, Andrew B. was in line for dinner at the St. Vincent De Paul homeless shelter in San Diego when Gates sucker punched him in the face. Andrew momentarily lost consciousness as a result of the upper cut to his face. He suffered two black eyes and whiplash, became dizzy and bled profusely.

Andrew identified Gates as the assailant.

Two security officers witnessed the incident. Joshua Presley saw Gates run at Andrew before striking. Presley recognized Gates, who had been a resident for about five months and did not have privileges to eat dinner there that day. Normally Gates was well mannered, but that day Gates seemed to be under the influence. After he struck Andrew, Gates delivered a roundhouse kick, during which time Presley grabbed Gate's leg to take him to the ground.

After Gates was cleared by medical personnel and transported to jail, he spat in the face of Corporal John G. while being fingerprinted, and police placed a spit rag on him to prevent further spitting.

On May 7, 2018, Gates appeared before Judge Polly Shamoon. The court reviewed with Gates his motion to represent himself. Before granting the motion, the court told Gates that the People had agreed to a probation sentence. After the court explained that Gates could accept the offer of

probation instead of taking the case to trial, Gates said he would not plead guilty to a felony.

Following a bench trial before Judge Melinda Lasater, Gates was convicted of assault by means of force likely to produce great bodily injury (count 1; § 245, subd. (a)(4)), battery with serious physical injury (count 2; § 243, subd. (d)), and battery by gassing (count 3; § 243, subd. (9)(a)). The court also found true that Gates personally inflicted great bodily injury (counts 1 and 2; §§ 1192.7, subd. (c)(8) and 12022.7, subd. (a)); was ineligible for parole (§ 1203, subd. (e)(4)); had served two prior prison terms (§ 667.5, subd. (b)); had a serious felony prior (§ 667, subd. (a)(1)); and had a strike prior (§§ 667, subds. (b)-(i), 1170.12, 668).

Gates asked the court to strike the prior strikes. The court recounted Gates's criminal history in some detail. It noted the frequency of his convictions, his numerous unsuccessful attempts at probation and parole, and his history of crimes of violence. The court told Gates there was "no way" it would strike the strike prior given his history and because he had previously benefited from a court doing so. It concluded there were no mitigating factors and adopted the probation officer's circumstances in aggravation.

The court sentenced Gates to 17 years: six years for count 1 (midterm doubled for the strike), three years consecutive for the personal infliction of great bodily injury enhancement on count 1, two years on count 3 (one-third the midterm doubled), five years for the serious felony prior enhancement, and one year for the prison prior enhancement. The court stayed the sentence for count two and the accompanying enhancement pursuant to section 654.

Gates appealed the judgment, and in a nonpublished opinion, we remanded the matter with directions to permit Gates to bring a motion to

strike the serious felony prior. (*People v. Gates* (June 18, 2019, D074792 [nonpub. opn.].)

Gates subsequently filed a motion to strike his serious felony prior and prison priors. The parties appeared by video conference for resentencing. The court asked defense counsel if she had conveyed to Gates that he could appear by video. She said she had not, but that he told her to proceed without him. When the court asked if defense counsel was comfortable that she had "valid 977 authority," defense counsel replied that Gates was "perfectly fine with [her] doing the hearing without him." No written waiver is in the record.

The court reread the probation officers' reports, reviewed the transcript from the original sentencing hearing, and considered the parties' briefing and arguments.

The court told the parties it believed Gates "took the stand and just lied," and it was concerned about his level of risk. It did not believe imposing the upper term and striking the five-year serious felony prior was the appropriate approach. The court explained: "I do recognize that the serious felony prior and the strike prior are the same conviction, . . . ; but in this particular case, I am not going to strike it."

The court imposed a restitution fine of $300, commenting that Gates "does have funds that he will earn in state prison." It also issued the minimum amounts for fees and assessments, explaining it would have its clerk verify the amounts and then notify the parties if changes were necessary.

Ultimately, the court struck the punishment for the two prison priors but declined to strike the serious felony prior and resentenced Gates to 16 years in state prison. The court reserved jurisdiction for victim

restitution. It awarded custody credits back to the original date but stated that the California Department of Corrections was in a better position to compute them.

Gates timely appealed.

## II.

## DISCUSSION

### A. Resentencing in Defendants' Absence

A defendant's constitutional rights are not violated when he is knowingly absent from resentencing. (See *People v. Fedalizo* (2016) 246 Cal.App.4th 98, 110 [court may rely on counsel's representation that defendant is knowingly absent].) However, section 977 establishes a statutory right in felony cases to be present at resentencing, which a defendant can waive via "a written waiver of his or her right to be personally present[.]" (§ 977, subd. (b)(2).)

The parties agree that Gates was entitled to be present at the resentencing hearing. (§§ 977, subd. (b)(1) and 1043; *Kentucky v. Stincer* (1987) 482 U.S. 730, 745 [due process right to be present if presence would contribute to fairness of procedure]; *People v. Cutting* (2019) 42 Cal.App.5th 344, 348 (*Cutting*).) The court erred by proceeding in the defendant's absence without a written waiver. (*People v. Garrison* (1989) 47 Cal.3d 746, 782 (*Garrison*).)

We review such errors for prejudice under the standard outlined in *Chapman v. California* (1967) 386 U.S. 18, 23, to determine if the error was harmless beyond a reasonable doubt. (*Cutting, supra,* 42 Cal.App.5th at p. 348.) The failure to obtain the waiver in writing is harmless when the defendant's presence "does not bear a 'reasonably substantial relation to the

6

fullness of his opportunity to defend against the charge.' [Citations.]"
(*Garrison*, *supra*, 47 Cal.3d at p. 782.)

Gates argues that had he been present, he could have reminded the trial judge that the prosecution initially offered him probation. Gates contends the offer "would have tended to prove that the prosecution opposition to striking the strike prior was of little substance if the prosecution was willing to stipulate to a probationary sentence if [he] gave up his right to trial."

We note that the department that sentenced Gates was not the same one that presided over the hearing at which there was a discussion about the offer of probation in lieu of trial. While we recognize that the court believed Gates posed a high level of risk to others and believed that imposing the upper term and striking the five-year serious felony prior was not the appropriate approach, we decline to speculate as to whether the information about the previous probation offer would have persuaded the court to sentence Gates differently. Accordingly, we will remand the matter for resentencing.

## B. Recalculation of Time Served

"[W]hen a prison term already in progress is modified as the result of an appellate sentence remand, the sentencing court must recalculate and credit against the modified sentence *all actual time* the defendant has already served, whether in jail or prison, and whether before or since he was originally committed and delivered to prison custody." (*People v. Buckhalter* (2001) 26 Cal.4th 20, 29.)

At the resentencing hearing, the trial court told the parties it would leave the calculation of custody credits to the discretion of the California Department of Corrections. However, the amended abstract of judgment and

7

minute order state the same number of days as the original abstract of judgment, indicating no recalculation occurred.

The parties agree that remand is required so that the superior court can recalculate credits against any modified sentence to ensure Gates receives credit for all the time he has actually already served.

C.  Fines, Fees, and Assessments

Gates argues the court improperly sentenced him to pay a restitution fine of $300 (§ 1202.4, subd. (b)), a court operations assessment of $120 (§ 1465.8), a criminal conviction assessment of $90 (Gov. Code, § 70373), and a criminal justice administration fee of $154[2] (former Gov. Code, § 29550). He seeks a stay of the fines and fees pending the Supreme Court decision in *People v. Kopp* (2019) 38 Cal.App.5th 47, 95-97 (*Kopp*), review granted, November 13, 2019, S257844.

A court may consider the defendant's inability to pay when it imposes a restitution fine greater than the $300 minimum, but a separate hearing on ability to pay is not required when the fine does not exceed the minimum. (§ 1202.4, subds. (c) & (d).)  Here the trial court was not required to hold a separate hearing on ability to pay to assess the restitution fine because it imposed only the minimum.  Nonetheless, it considered Gates's ability to pay, commenting that Gates "does have funds that he will earn in state prison." The court did not err in imposing the restitution fine.

We held in *Kopp* that a defendant has a due process right to challenge the nonpunitive fees and assessments for inability to pay, and the trial court can impose, reduce, or strike those amounts if appropriate.  (See *Kopp*, *supra*, 38 Cal.App.5th at p. 96, review granted.)  The defendant bears the burden of

---

[2]    The criminal justice fee imposed under former Government Code section 29550 is no longer enforceable or collectible.  (See Gov. Code, § 6111, subd. (a).)

establishing inability to pay.  (*Ibid.*)  Here, the court implied its intention was to impose only mandatory minimum amounts with respect to the assessments and fees, and Gates did not challenge the fees and assessments the court imposed.  Because the $154 criminal justice administration fee imposed under former Government Code section 29550 is no longer enforceable or collectible (See Gov. Code, § 6111, subd. (a)), any unpaid portion of it must be stricken.  However, to the extent that Gates wishes to argue he lacks the ability to pay the other nonpunitive fees and assessments, he will have the opportunity to do so on remand.

## D.  Prison Prior Enhancements

As the Attorney General notes in the respondent's brief, Senate Bill No. 136 (2019-2020 Reg. Sess.) amended section 667.5, subdivision (b) to eliminate one-year prior prison term enhancements other than when the term was served for a qualifying sexually violent offense.  (See *People v. Jennings* (2019) 42 Cal.App.5th 664, 667, 682.)

The minute order for the resentencing hearing states that the trial court struck the prison prior enhancements pursuant to Senate Bill No. 136 (2019-2020 Reg. Sess.).  However, the amended abstract of judgment still lists the enhancements and indicates that the punishments for the enhancements were struck.  The abstract of judgment must be modified to reflect the change in law.

## DISPOSITION

The sentence is vacated, and the matter remanded for a new sentencing hearing consistent with this opinion.  The superior court is directed to award Gates the proper amount of presentence custody credits, to strike the one-year prior prison term enhancements under section 667.5, subdivision (b), and to strike any portion of the $154 criminal justice administration fee

imposed under former Government Code section 29550 unpaid as of July 1, 2021. The court is further directed to forward an amended abstract to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

HALLER, J.

O'ROURKE, J.