Filed 1/11/22  P. v. Valdez CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C092883 |
| Plaintiff and Respondent, | (Super. Ct. No. 20CF01909) |
| v. | |
| ANTHONY VALDEZ, | |
| Defendant and Appellant. | |

A jury found defendant Anthony Valdez guilty of making criminal threats.  In bifurcated proceedings, the trial court found true a prior strike conviction allegation.  On appeal, defendant claims the trial court erred in denying his motion for self-representation under *Faretta v. California* (1975) 422 U.S. 806 [45 L.Ed.2d 562] (*Faretta*).  We affirm.

PROCEDURAL BACKGROUND

The facts underlying the charge are not relevant for purposes of this appeal.  It suffices to say that the prosecution charged defendant with one count of making criminal

1

threats (Pen. Code, § 422, subd. (a))[1] and alleged a prior strike conviction (§§ 667, subd. (d), 1170.12, subd. (b)). The jury found defendant guilty of the single charge and the trial court found true the prior strike allegation. The trial court sentenced defendant to four years in prison.

## DISCUSSION

Defendant contends that he made a timely *Faretta* motion and the trial court's denial of that request was per se reversible error. Alternatively, defendant argues that if the request was untimely, the trial court abused its discretion in denying the request without utilizing the factors set forth in *People v. Windham* (1977) 19 Cal.3d 121. We conclude defendant waived any claim to his right to self-representation because his single reference to self-representation was equivocal and did not constitute an effective invocation of his right.

A. *Factual background*

Defendant was on postrelease community supervision when the instant offense took place. He was arrested and charged in April 2020. During several subsequent proceedings, defendant was proactive in understanding the legal aspects of his case. Defendant was primarily concerned with exercising his right to a speedy trial. With the exception of two weeks in July, he did not enter a time waiver. On multiple occasions, defendant expressed concern that his trial had not yet begun and the trial court confirmed the date was set within the statutory timeframe. On the date originally set for trial in July, the trial court found good cause to continue the trial to September 14, 2020. Trial was continued again for one week due to wildfire evacuations. Scheduling trial was also made difficult due to the COVID-19 pandemic.

---

[1] Undesignated statutory references are to the Penal Code.

Defendant also asked questions about other aspects of his proceedings. At the hearing on his violation of postrelease community supervision, he expressed some confusion regarding the proceedings. Defense counsel addressed his concerns. Defendant also asked several questions about the trial on his prior conviction, sentencing and credits, and his right to testify, which defense counsel and the trial court addressed.

The day trial was scheduled to begin, the parties answered ready and discussed the jury selection process. The following colloquy took place:

"DEFENDANT [ ]: Your Honor, can I do this myself? Can I go pro bono right now?

"THE COURT: It's too late for that, Sir.

"DEFENDANT [ ]: Why?

"THE COURT: It's too late for that. That is something you should have brought up long before this morning.

"DEFENDANT [ ]: Why?

"THE COURT: I'm not going to entertain a further motion at this time because it's too late and will cause delay."

The trial court then ruled on motions in limine. After a brief recess, the trial court commented, "I did also want to note that [defendant] made a comment about wanting to do this himself. I reviewed the laws, and the Court is going to find that any request to represent himself at this time is not timely. We are here scheduled. I have jurors coming in. With COVID-19 it's been very difficult. He's had plenty of opportunities to make that request previously and did not do so. So because of the cost of delay that it would cost if the Court were to entertain that, that is the reason the Court is going to find it untimely. Okay."

The parties selected a jury, and the evidence portion of trial began the next morning.

B.    *Analysis*

In *Faretta, supra*, 422 U.S. 806, the United States Supreme Court made clear that a criminal defendant has a federal constitutional right to represent himself.  (*Id*. at pp. 835-836.)  A trial court must grant a defendant's request for self-representation if the request is timely and the defendant makes his request unequivocally, voluntarily, knowingly, and intelligently.  (*People v. Windham, supra*, 19 Cal.3d at pp. 127-128.)  The " ' "right of self-representation is waived unless defendants articulately and unmistakably demand to proceed pro se." ' "  (*People v. Danks* (2004) 32 Cal.4th 269, 295, italics omitted, quoting *People v. Marshall* (1997) 15 Cal.4th 1, 20-21 (*Marshall*).)

Our Supreme Court has expressed concern that some assertions of the right of self-representation may be a vehicle for manipulation and abuse.  Both the stability of judgments and the defendant's constitutional right to the effective assistance of counsel is at stake, requiring a determination that defendant truly desires to represent himself.  (*Marshall, supra*, 15 Cal.4th at pp. 22-23.)  Other courts have determined that a "motion made out of a temporary whim, or out of annoyance or frustration, is not unequivocal— even if the defendant has said he or she seeks self-representation."  (*Id*. at p. 21, citing *Reese v. Nix* (8th Cir.1991) 942 F.2d 1276, 1281; and see, e.g., *Reese, supra*, at p. 1281 [defendant's statement, " 'Well I don't want no counsel then,' " was deemed a mere impulsive response to the trial court's denial of a request for new counsel].)  As one court stated, a court "properly may deny a request for self-representation that is a 'momentary caprice or the result of thinking out loud.' "  (*Jackson v. Ylst* (9th Cir.1990) 921 F.2d 882, 888.)

Courts must draw every inference against supposing that the defendant wishes to waive the right to counsel.  (*Marshall, supra*, 15 Cal.4th at p. 23, citing *Brewer v. Williams* (1977) 430 U.S. 387, 404 [51 L.Ed.2d 424, 404].)  In light of this, a court faced with a motion for self-representation should evaluate not only whether the defendant has stated the motion clearly, but also evaluate the defendant's overall conduct.  Conduct or

4

words "reflecting ambivalence about self-representation may support the court's decision to deny the defendant's motion. A motion for self-representation made in passing anger or frustration, an ambivalent motion, or one made for the purpose of delay or to frustrate the orderly administration of justice may be denied." (*Marshall*, at p. 23.)

On review, "if the record as a whole establishes defendant's request was nonetheless properly denied on other grounds, we would uphold the trial court's ruling." (*People v. Dent* (2003) 30 Cal.4th 213, 218; see also *People v. Zapien* (1993) 4 Cal.4th 929, 976 [appellate court reviews trial court's ruling, not its rationale].) "In determining on appeal whether the defendant invoked the right to self-representation, we examine the entire record de novo. (See *Marshall*[, *supra*, 15 Cal.4th] at pp. 24-25.)" (*People v. Dent, supra,* 30 Cal.4th at p. 218.) Even if the court treated defendant's statement as an assertion of his right to represent himself, a reviewing court is not bound by such a determination. (*People v. Valdez* (2004) 32 Cal.4th 73, 99.)

In this case, we conclude that defendant did not, unequivocally, seek to represent himself and defendant did not make a *Faretta* motion. Defendant's single reference to self-representation was fleeting and was made in a context that did not lend gravity to the reference. As the parties discussed the jury selection process, defendant interjected a wholly unrelated question, "Your Honor, can I do this myself? Can I go pro bono right now?" This inquiry was untethered to any reason for the question. Defendant never previously expressed any desire to proceed without counsel. Nor was there any indication anything was amiss in the attorney-client relationship.[2] Under these circumstances, the question was more inquiry than a clearly stated, unambiguous motion for self-representation. (Cf. *People v. Danks, supra*, 32 Cal.4th at p. 296 [defendant's

---

**2**    Although defendant had previously expressed frustration at unforeseen delays in his trial, this frustration was never directed at counsel and the problem was resolved as his trial was poised to start with jury selection that same day.

5

question, " 'What about going pro. per.?' " at the end of a hearing discussing a continuance was not a clear unequivocal request for self-representation]; see also *People v. Marlow* (2004) 34 Cal.4th 131, 147 [defendant's question, " 'Is it possible that I just go pro per in my own defense and have someone appointed as co-counsel?' "—was a request for information, not a *Faretta* motion, and the trial court's denial did not convert defendant's inquiry into a motion].) Indeed, such an inquiry was not out of character for defendant. Over the course of the proceedings, defendant made several requests for clarification on legal issues in his case; there is no indication that this question was not asked in a similar vein.

As further support for the conclusion that defendant's reference to self-representation was equivocal, defendant did not renew a request for self-representation. (See *People v. Barnett* (1998) 17 Cal.4th 1044, 1087 [defendant's single reference to " 'mak[ing] a motion to proceed pro se' " did not constitute an unequivocal assertion of the right to self-representation when he did not return to the issue with an actual request to represent himself and instead requested new counsel].) Nor was he foreclosed from doing so. Although the trial court initially stated it was "not going to entertain a further motion at this time because it's too late and will cause delay," the trial court sua sponte returned to the topic and further explained the ruling. This return to the subject provided defendant the opportunity to renew his request, and "would have been an exceptionally opportune time to notify the court [he did not want his attorney to continue to represent him]. (Cf. *People v. Kenner* (1990) 223 Cal.App.3d 56, 62 ['Defendants who sincerely seek to represent themselves have a responsibility to speak up'].)" (*People v. Fedalizo* (2016) 246 Cal.App.4th 98, 105.) Defendant did not do so. Nor did he object to the trial court's explanation or reasons for the ruling. Instead, he proceeded to trial with the assistance of counsel. Under these circumstances, defendant's conduct demonstrates that his reference to self-representation was equivocal and the trial court had no duty to inquire as to whether defendant wished to invoke the right to self-representation.

6

(See *Marshall, supra*, 15 Cal.4th at p. 23 [outlining a trial court's duties when a motion is made, not what duty the court has to determine whether a motion is being made].)  As a result, defendant waived his right to self-representation.

DISPOSITION

The judgment is affirmed.


                                                  KRAUSE            , J.


We concur:


     HULL            , Acting P. J.


     ROBIE            , J.