Filed 3/9/23  P. v. Boyd CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>BOMANI LAWAN BOYD,<br><br>    Defendant and Appellant. | G061628<br><br>(Super. Ct. No. RIF1105003)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Riverside County, Judith C. Clark, Judge.  Affirmed.

Marcia R. Clark, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

This appeal is from an order denying appellant's petition for resentencing under former Penal Code section 1170.95.[1] Appointed counsel filed a so-called *Wende* brief in which she advised us that, after thoroughly reviewing the record, she and another staff attorney at Appellate Defenders, Inc. had not uncovered any arguable issues to raise on appellant's behalf. (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) In response to our invitation, appellant filed a supplemental brief on his own behalf. Having considered appellant's brief, and having reviewed the entire record as required under *Wende*, we conclude there is no arguable basis for disturbing the trial court's ruling. Accordingly, we affirm its order denying appellant's resentencing petition.

PROCEDURAL BACKGROUND

In 2012, appellant was convicted of two counts of attempted premeditated murder and street terrorism for shooting at two rival gang members. (§§ 664/187, subd. (a); 186.22, subd. (a).) The jury also found true allegations appellant personally discharged a firearm, caused great bodily injury, and acted for the benefit of a criminal street gang. (§§ 12022.53, subds. (c), (d); 12022.7, subd. (a).) The trial court sentenced him to prison for 55 years to life, plus a determinate term of 23 years.

On appeal, we reversed appellant's conviction for street terrorism because it was undisputed that he acted alone when he shot at the victims. (*People v. Boyd* (May 1, 2014, G049627) [nonpub. opn.].) But in all other respects, we affirmed the judgment.

On January 14, 2022, appellant petitioned for resentencing under former section 1170.95. After appointing appellant an attorney, the trial court held a hearing on July 22. There were actually two matters on calendar that day, appellant's resentencing petition and his request for a *Franklin* proceeding. (See *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*) [qualified offenders are entitled to make a record of youth-related factors for use in their future parole hearings].) Not having read appellant's case file, the

---

[1] That section has since been renumbered without substantive change as Penal Code section 1172.6. (Stats. 2022, ch. 58, § 10.) All further statutory references are to the Penal Code.

court was inclined to continue both matters. However, the prosecutor asked the court to take up appellant's petition for resentencing. He argued appellant was not eligible for resentencing as a matter of law because his jury was not instructed on felony murder, aiding and abetting, or the natural and probable consequences doctrine.

Defense counsel did not take issue with the prosecutor's representation about the jury instructions that were given in appellant's case, nor did he offer any substantive response to the prosecutor's argument. Rather, he simply submitted the matter for the court's consideration based on what the prosecutor had stated. In light of that, the court denied appellant's petition for resentencing and continued the *Franklin* matter to another day.

DISCUSSION

The only issue before us is the propriety of the trial court's decision to deny appellant's petition for resentencing. For the reasons explained below, there is no basis to disturb that ruling.

Per section 1172.6, a person may petition for resentencing if he was "convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter[.]" (§ 1172.6, subd. (a).)

Thus, while a murderer may seek resentencing if he was convicted under any theory of imputed liability, an attempted murderer can only petition if he was convicted under one particular theory of imputed liability, that being the natural and probable consequences doctrine. Having been convicted of attempted murder, appellant contends this is patently unfair. As a matter of equal protection, he argues that, like persons convicted of murder, he should be able to seek resentencing if he was convicted under *any* theory of imputed liability, not just the natural and probable consequences doctrine.

3

However, even if that were the case, appellant would still not be eligible for resentencing. That's because imputed liability has a specific meaning under section 1172.6. Under the statute, such liability is limited to when "malice is imputed to a person based solely on that person's participation in a crime[.]" (§ 1172.6, subd. (a).) It does not include the situation in which the defendant personally harbors malice, which is what the jury found in this case by convicting appellant of attempted murder with premeditation and deliberation. Therefore, appellant is outside the scope of the statute.

Appellant also contends the trial court prejudicially erred by failing to conduct an independent review of the court file to ensure the accuracy of the prosecutor's representation that he was not convicted based on a theory of imputed liability such as the felony murder rule or the natural and probable consequences doctrine.[2] However, given that defense counsel did not dispute that representation, the trial court was entitled to rely on it as the basis for its ruling. (See generally *People v. Fedalizo* (2016) 246 Cal.App.4th 98, 107 ["Courts routinely rely on the express or implied representations of attorneys, as officers of the court, on a wide range of matters."].)

Moreover, as we pointed out in appellant's appeal, the parties are in agreement that appellant acted alone in this case, which is why his street terrorism conviction was reversed. (*People v. Boyd, supra,* G049627.) Since it is undisputed that appellant was convicted of attempted premeditated murder for his *own* actions and his *own* mental state, he was not convicted on a theory of imputed liability. Therefore, he is ineligible for resentencing as a matter of law, and any error in the trial court's handling of his petition was harmless under any standard of review.

Appellant's claim to the contrary is without merit, and our independent review of the record has failed to reveal any possible grounds for appellate relief.

---

[2] Appellant's attorney also flagged this as a potential issue in his *Wende* brief.

4

Accordingly, we are powerless to disturb the trial court's ruling.  (*Wende, supra*, 25 Cal.3d 436.)

DISPOSITION

The trial court's order denying appellant's petition for resentencing is affirmed.


                                        BEDSWORTH, ACTING P. J.

WE CONCUR:


MOORE, J.


GOETHALS, J.