Filed 1/9/25  P. v. Fernandez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083318 |
| v. | (Super. Ct. No. RIF1805260) |
| JOSE FELIPE FERNANDEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Reversed and remanded with directions.

James R. Bostwick, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier, and James Spradley, Deputy Attorneys General, for Plaintiff and Respondent.

# I.

## INTRODUCTION

Defendant and appellant Jose Felipe Hernandez appeals from his Penal Code[1] section 1172.75 resentencing.  He asserts the matter must be remanded, as the trial court should have performed a full resentencing with his presence rather than simply striking his no longer valid one-year prior prison term enhancement.  The People concede the error.  We will remand for a full resentencing pursuant to section 1172.75.

# II.

## BACKGROUND[2]

In 2019, defendant pled guilty to one count of assault with a deadly weapon other than a firearm (§ 245, subd. (a)(1); count 1) and possession of a weapon by a prison inmate (§ 4502, subd. (a); count 2).  In addition, defendant admitted that he had suffered a prior prison term (§ 667.5, subd. (b)) and a prior strike conviction (§§ 667, subd. (c), (e), 1170.12).  In return, defendant was sentenced to the indicated sentence of five years in prison (two years each on counts 1 & 2, plus one year for the prior prison term enhancement) to run consecutive to his incomplete sentence in case No. RIF1702653 with an aggregate sentence of 31 years, eight months.

---

[1]  All future references are to the Penal Code.

[2]  The substantive facts underlying defendant's conviction are not relevant to our disposition and are therefore not recounted here.

On August 28, 2023, the trial court recalled and resentenced defendant pursuant to section 1172.75. Defendant was not present but represented by counsel. The court struck the prior prison term enhancement "as legally invalid" and imposed a sentence of four years, consisting of two years on count 1, plus a consecutive term of two years on count 2. The court also struck the previously ordered restitution fine and parole revocation restitution fine and ordered a $300 restitution fine, an $80 court operations assessment, and a $60 criminal conviction assessment fee.

On August 28, 2023, the abstract of judgement was amended to reflect the new sentence.

On December 21, 2023, the trial court declined to resentence defendant under section 1172.75, subdivision (d). Defendant was not present but was represented by counsel. Defendant timely appealed.

II.

DISCUSSION

On appeal, defendant argues the trial court erred by failing to conduct a full resentencing hearing as required under section 1172.75 and that he had a right to be present at the hearing. The People concede defendant was entitled to a full resentencing and that the court did not obtain a valid waiver of defendant's right to be personally present at resentencing. We agree with the parties.

Effective January 1, 2022, Senate Bill No. 483 (2021-2022 Reg. Sess.) added section 1172.75 (formerly § 1171.1) (Stats. 2022, ch. 58, § 12, eff. June 30, 2022), which

3

renders "legally invalid" any section 667.5, subdivision (b) sentence enhancement imposed prior to January 1, 2020, "except for any enhancement imposed for a prior conviction for a sexually violent offense" (§ 1172.75, subd. (a)). If a judgment includes a qualifying prior prison term enhancement, the trial court shall recall the sentence and resentence the defendant. (§ 1172.75, subd. (c).) "By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements." (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402.) For example, section 1172.75: (1) creates a presumption that resentencing shall result in a lesser sentence than that originally imposed (§ 1172.75, subd. (d)(1)); (2) requires the court to apply "changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing" (§ 1172.75, subd. (d)(2)); (3) allows the court to consider postconviction factors (§ 1172.75, subd. (d)(3)); and (4) guides the court in selecting the appropriate terms (§ 1172.75, subd. (d)(4)).

"The statute further establishes a mechanism to provide affected defendants a remedy for those legally invalid enhancements." (*People v. Burgess* (2022) 86 Cal.App.5th 375, 380.) Section 1172.75, subdivision (b) directs the Secretary of the California Department of Corrections and Rehabilitation (CDCR) to identify inmates "currently serving a term for a judgment that includes an enhancement described in subdivision (a)" and to "provide the name of each person, along with the person's date of

4

birth and the relevant case number or docket number, to the sentencing court that imposed the enhancement."

Moreover, a criminal defendant's right to be personally present at trial and by extension all critical stages of the criminal prosecution, including sentencing and resentencing, is guaranteed in the federal Constitution by the confrontation clause of the Sixth Amendment and the due process clause of the Fourteenth Amendment. (*People v. Velasco* (2023) 97 Cal.App.5th 663, 673 (*Velasco*).) It is also required by section 15 of article I of the California Constitution and by sections 977 and 1043. (*Velasco*, *supra*, at p. 673.)

Section 977, subdivision (b)(1) requires a defendant "be physically present at the arraignment, at the time of plea, during the preliminary hearing, during those portions of the trial when evidence is taken before the trier of fact, and at the time of the imposition of sentence. The accused shall be physically or remotely present at all other proceedings unless they waive their right to be physically or remotely present, with leave of court and with approval by defendant's counsel." "The waiver of a defendant's right to be physically or remotely present may be in writing and filed with the court or, with the court's consent, may be entered personally by the defendant or by the defendant's counsel of record." (§ 977, subd. (b)(2).)

"A waiver of the defendant's physical or remote presence may be entered by counsel, after counsel has stated on the record that the defendant has been advised of the right to be physically or remotely present for the hearing at issue, has waived that right,

5

and agrees that notice to the attorney that the defendant's physical or remote presence in court at a future date and time is required is notice to the defendant of that requirement." (§ 977, subd. (b)(2)(B).)

"As a matter of both federal and state constitutional law, . . . a defendant may validly waive his or her right to be present during a critical stage of the trial, provided the waiver is knowing, intelligent, and voluntary." (*People v. Cunningham* (2015) 61 Cal.4th 609, 633.) "'[T]he court can rely upon the representations of defense counsel that the accused was knowingly absent from the proceedings.'" (*People v. Fedalizo* (2016) 246 Cal.App.4th 98, 110.) In this case, defendant's counsel did not indicate that defendant waived his presence or authorized the waiver, and there was no evidence on the record that otherwise showed that the waiver, through counsel, was "knowing." (*People v. Cunningham*, *supra*, at p. 633.)

"When errors involving a defendant's federal constitutional rights are implicated, the standard set forth in *Chapman v. California* (1967) 386 U.S. 18 . . . applies and the error is prejudicial and requires reversal unless we can conclude beyond a reasonable doubt that it did not affect the outcome of the proceeding." (*Velasco*, *supra*, 97 Cal.App.5th at p. 674.) We review de novo whether trial courts have complied with section 1172.75's resentencing requirements. (*People v. Carter* (2023) 97 Cal.App.5th 960, 967.)

Here, the trial court struck defendant's prior prison enhancement but did not conduct a full resentencing or obtain a valid waiver of defendant's absence from the

hearing. "[A] defendant eligible for removal of a prison prior under section 1172.75 must be provided an opportunity for full resentencing to argue for further relief under any other ameliorative changes in law that reduce sentences, regardless of whether their sentence resulted from a plea agreement." (*People v. Carter*, *supra*, 97 Cal.App.5th at p. 972.) Furthermore, had defendant been present, "he may have 'offered mitigating factors that arose after his original sentencing; he may have expressed remorse; [or] he may have made a plea for leniency.'" (*Velasco*, *supra*, 97 Cal.App.5th at p. 674.) As such, this case must be remanded to conduct a full resentencing hearing with defendant present or with his valid waiver.

We reverse and remand for a full resentencing hearing pursuant to section 1172.75 with defendant present or with his valid waiver. Upon resentencing, the trial court should calculate defendant's custody credits, prepare an amended abstract of judgment, and forward a copy of the amended abstract of judgment to the CDCR. (*People v. Buckhalter* (2001) 26 Cal.4th 20, 37 [when a trial court resentences a defendant on remand, it must credit him with all actual days he spent in custody (whether in jail or prison) up to that time, including his time in custody after the original sentencing]; *People v. Buycks* (2018) 5 Cal.5th 857, 893 ["[O]n remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.'"].)

7

III.

DISCUSSION

The sentence is vacated and the matter remanded for a full resentencing hearing in defendant's presence or with defendant's waiver. Following resentencing, the trial court should prepare an amended abstract of judgment and forward a copy to the CDCR.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

McKINSTER
      Acting P. J.

RAPHAEL
      J.