Filed 11/14/24  P. v. Ragsdale CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MARK RAGSDALE,<br><br>    Defendant and Appellant. | B332026<br><br>(Los Angeles County<br> Super. Ct. No. PA084134) |

APPEAL from judgment of the Superior Court of Los Angeles County, Hayden A. Zacky, Judge.  Reversed and remanded.

Johanna Pirko, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Wyatt E. Bloomfield, Supervising Deputy Attorney General, and Christopher G. Sanchez, Deputy Attorney General, for Plaintiff and Respondent.

Defendant and appellant Mark Ragsdale appeals from a post-conviction order reducing his sentence at a resentencing hearing pursuant to Penal Code section 1172.75.[1]  Appellant contends the court erred by holding the resentencing hearing in his absence and without obtaining a valid waiver of his right to be present.

We agree and find the error prejudicial.  We reverse the order and remand the matter for a new hearing.

### FACTUAL AND PROCEDURAL BACKGROUND
**A.      Information, Plea, and Original Sentence**

By information filed October 19, 2015, appellant was charged with one count of residential burglary (§ 459).  The information further alleged appellant suffered one prior serious or violent felony within the meaning of the Three Strikes law (§§ 667, subds. (b)-(j), 1170.12), one prior serious felony conviction (§ 667, subd. (a)(1)), and six prior prison terms (§ 667.5, subd. (b)).

Pursuant to a negotiated agreement, appellant pled guilty to the charged offense, admitted the strike prior allegation, and admitted one of the prison prior allegations.[2]  Appellant was sentenced to an overall term of 13 years imprisonment as follows: an upper-term sentence of six years for first degree burglary, doubled pursuant to the Three Strikes law, plus a consecutive

---

[1]      Subsequent unspecified references to statutes are to the Penal Code.

[2]      The court subsequently granted appellant's motion to dismiss all remaining admissions to "any special allegations" and counts.

2

one-year term for suffering a prior prison term (§ 667.5, subd. (b)).

## B.     Resentencing Proceedings

In 2021, the Legislature enacted former section 1171.1, now section 1172.75, to generally invalidate sentence enhancements imposed for prior prison terms under section 667.5, subdivision (b).  (Stats. 2021, ch. 728, see § 3; § 1172.75, subd. (a) [if imposed before January 1, 2020, such enhancements are "legally invalid" unless imposed for a sexually violent offense].)

After receiving notification from the California Department of Corrections and Rehabilitation that appellant's sentence included an invalid enhancement, the trial court calendared appellant's case for resentencing.  In its order, the court provided a deadline by which appellant could notify the court whether he wished to be present "or has waived his presence" at the hearing.

Following several continuances, a deputy public defender filed a motion for full resentencing in June 2023 on behalf of appellant.  The motion identified the invalid one-year sentence imposed under section 667.5, subdivision (b), and requested a full resentencing on other portions of appellant's sentence.  Counsel requested a lower, middle-term sentence of four years for the charged offense, doubled to eight years under the Three Strikes law.  In support of the request, counsel submitted a declaration attesting to appellant's age (64 years old), medical issues (asthma and a long-standing leg injury), and his recent acceptance into a residential program offering "housing and a range of re-entry

3

services upon release."[3]  Counsel further declared appellant had "advised me that he wishes to avail himself to full resentencing and that he is willing to waive his appearance for this hearing."

When calling the matter for a hearing on June 21, 2023, the court stated, "Mr. Ragsdale is in the custody of the Department of Corrections and his appearance has been waived for today's proceeding."  Following argument of counsel,[4] the court struck the invalid prison prior enhancement but declined to lower other portions of appellant's sentence.  In so ruling, the court compared the negotiated disposition to appellant's maximum exposure (28 years with the prison priors; 22 years without) and found appellant posed a risk of danger to the community.  The court imposed an overall sentence of 12 years, reflecting the same upper-term sentence of six years for first degree burglary, doubled under the Three Strikes law.

Defendant timely appealed.

## DISCUSSION

### A.    Governing Law

"'By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly "invalid" enhancements'" imposed under section 667.5, subdivision (b).  (*People v. Montgomery* (2024) 100 Cal.App.5th 768, 773, rev. granted, May 29, 2024, S284662.)  At any section 1172.75 resentencing hearing at which an invalid prison prior

---

[3]     Attached to the motion was a letter confirming appellant's acceptance into the program and two articles on lower recidivism rates and compassionate release of elderly inmates.

[4]     Appellant's age, physical infirmities, and acceptance into a residential program were neither raised nor discussed at the hearing.

4

enhancement is identified, "the court shall recall the sentence and resentence the defendant" applying current sentencing rules and "any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing."  (§ 1172.75, subd. (c), (d)(1).)  In exercising its discretion, the resentencing court "may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since . . . sentencing so that continued incarceration is no longer in the interest of justice." (§ 1172.75, subd. (d)(3).)

Sentencing and resentencing proceedings constitute critical stages of criminal prosecution at which a criminal defendant is entitled to be present, guaranteed through federal and state constitutions and various statutes.  (*People v. Blacksher* (2011) 52 Cal.4th 769, 798–799; *People v. Rodriguez* (1998) 17 Cal.4th 253, 260; U.S. Const., 6th & 14th Amends.; Cal. Const., art. I, § 15; §§ 977, subd. (b)(1), 1043.)  These rights may be waived personally or through counsel under standards applicable to each right.

Waiver of a defendant's *constitutional* right to be present must be "knowing, intelligent, and voluntary."  (*People v. Cunningham* (2015) 61 Cal.4th 609, 633.)  Our high court has "noted an unsettled state of the law on the question whether a waiver by defense counsel is effective, but stated that '[a]t a minimum, there must be some evidence that the defendant understood the right he was waiving and the consequences of

5

doing so.'" (*People v. Mendoza* (2016) 62 Cal.4th 856, 899 (*Mendoza*).)

Waiver of the *statutory* right to be present requires a written waiver "filed with the court or, with the court's consent, may be entered personally by the defendant or by the defendant's counsel of record." (§ 977, subd. (b)(2).) Waiver through counsel may be entered "after counsel has stated on the record that the defendant has been advised of the right to be physically . . . present for the hearing at issue, has waived that right, and agrees that notice to the attorney that the defendant's . . . presence in court at a future date and time is required is notice to the defendant of that requirement." (§ 977, subd. (b)(2)(B).)

Like the foregoing standards on effecting a valid waiver, the standards of harmless review upon finding an invalid waiver depend on the nature of the right violated. For error implicating a defendant's *constitutional* right to be present, we conduct harmless error review under *Chapman*; for *statutory* error, we apply *Watson*. (*Mendoza*, *supra*, 62 Cal.4th at p. 902, citing *Chapman v. California* (1967) 386 U.S. 18, 23 (*Chapman*); *People v. Watson* (1956) 46 Cal.2d 818, 836 (*Watson*).)

## B. Analysis

Here, the parties agree the resentencing court erred in failing to obtain appellant's waiver of his right to be present under section 977. They dispute whether appellant adequately waived his constitutional right to be present.

The Attorney General contends appellant sufficiently waived his constitutional right of presence. In support, the Attorney General points to statements of appointed counsel that appellant was "willing to waive his appearance for this hearing,"

6

as well as the court's affirmation that "appearance has been waived for today's proceeding."

These statements did not amount to an adequate waiver of appellant's constitutional right to be present.  To effect an adequate waiver of this constitutional right, "[a]t a minimum, there must be some evidence that [appellant] understood the right he was waiving and the consequences of doing so." (*People v. Davis* (2005) 36 Cal.4th 510, 532.)  No such evidence appears in the appellate record.  "All the record shows [here] is that defense counsel represented to the court that counsel had discussed the hearing with defendant and that defendant would waive his presence.  There is no evidence that defense counsel informed defendant of his right to attend the hearing; nor is there evidence that defendant understood that by absenting himself . . . he would be unable to contribute to the discussion [at the hearing].  Accordingly, we cannot conclude that [appellant] knowingly and intelligently waived his right to presence at the hearing." (*Ibid.*)

Acknowledging the lack of evidence supporting appellant's waiver of his constitutional right of presence, the Attorney General purports to apply the presumption codified in Evidence Code section 664 "that official duty has been regularly performed" to establish a knowing, intelligent, and voluntary waiver.  The Attorney General contends that pursuant to section 664, we must presume the trial court adequately performed its duty to obtain a knowing waiver.

Even if we assume this rebuttable presumption can be used to infer a valid waiver of the constitutional right of presence,[5] it

---

[5]     None of the cases cited by the Attorney General apply the presumption to waiving the constitutional right of presence. (E.g., *People v. Abdelsalam* (2022) 73 Cal.App.5th 654, 662–663

does not apply in this case. "When presented with a claim that the court failed to admonish defendant of his right before accepting his waiver, *without a transcript of the proceeding* we are 'justified in relying on the presumption that official duty was regularly performed.' [Citations.]" (*People v. Sullivan* (2007) 151 Cal.App.4th 524, 550 (*Sullivan*), italics added*;* accord, *People v. Visciotti* (1992) 2 Cal.4th 1, 49 ["In the absence of any indication to the contrary we presume, as we must, that a judicial duty is regularly performed"].) When the reviewing court has "before [it] the reporter's transcript" of the hearing, however, it may properly determine for itself whether official duty was lawfully performed. (*Sullivan*, *supra*, at pp. 550–551.)

As the transcript of the resentencing hearing is before this court, we may review it to determine whether appellant validly waived his constitutional right of presence. As discussed, the transcript fails to establish any advisement on appellant's right, the consequences of waiving that right, or an affirmative waiver of such. In effect, the transcript "does affirmatively show" an invalid waiver of appellant's constitutional right to be present. (*Sullivan*, *supra*, 151 Cal.App.4th at pp. 550–551.)

We conclude appellant was deprived of not only his statutory right to be present at the resentencing hearing, but also of his constitutional right of presence as well. We must therefore reverse the lower court's order unless the error was harmless beyond a reasonable doubt. (*Mendoza*, *supra*, 62 Cal.4th at

---

[motion to withdraw guilty plea]; *People v. Barber* (2020) 55 Cal.App.5th 787, 814 [striking great bodily injury enhancement]; *In re I.V.* (2017) 11 Cal.App.5th 249, 258 [completing Judicial Council form]; *People v. Fedalizo* (2016) 246 Cal.App.4th 98, 105 [waiving right of self-representation].)

8

p. 902.) "Under that standard, the error 'may be deemed harmless only if we can conclude beyond a reasonable doubt that the deprivation did not affect the outcome of the proceeding.' [Citations.]" (*People v. Cutting* (2019) 42 Cal.App.5th 344, 348 (*Cutting*); see also *People v. Rutterschmidt* (2012) 55 Cal.4th 650, 661 [*Chapman* requires reversal "unless the prosecution can show 'beyond a reasonable doubt' that the error was harmless"].)

That standard of prejudice is not met here. In exercising its sentencing discretion, the resentencing court could have considered postconviction factors bearing on its determination, including appellant's age, time served, his diminished physical condition, and other evidence reflecting changed circumstances "so that continued incarceration is no longer in the interest of justice." (§ 1172.75, subds. (d)(1)-(3).) These factors, while identified in the resentencing motion, were neither raised nor discussed at the resentencing hearing. Were appellant present, these factors may have been addressed or supplemented by appellant's expression of remorse or plea for leniency. (Accord, *Cutting*, *supra*, 42 Cal.App.5th at p. 349 ["Cutting may have offered mitigating factors that arose after his original sentencing; he may have expressed remorse; he may have made a plea for leniency"].)

As our high court stated long ago, "a decision in a post-conviction proceeding as to the propriety and wisdom of [resentencing] requires a sensitive appraisal of character for which the presence of the [defendant] in person is extremely helpful if not essential." (*In re Cortez* (1971) 6 Cal.3d 78, 87.) While the resentencing court "may or may not have chosen to believe what [appellant] might have said, if he said anything," we cannot conclude beyond a reasonable doubt his presence at the

9

resentencing hearing would not have affected the outcome. (*Cutting*, *supra*, 42 Cal.App.5th at p. 349; accord, *People v. Velasco* (2023) 97 Cal.App.5th 663, 674; *People v. Basler* (2022) 80 Cal.App.5th 46, 59.)

## DISPOSITION

The post-conviction order is reversed. The matter is remanded for the trial court to conduct a new resentencing hearing after securing appellant's presence or a valid waiver of his right to be present. We express no opinion on the court's exercise of discretion on remand. If the hearing results in a different sentence than previously imposed, the court shall prepare an amended abstract of judgment and forward a copy to the California Department of Corrections and Rehabilitation.

MORI, Acting P. J.

We concur:

ZUKIN, J.

**SIGGINS, J.

---

** Retired Presiding Justice of the Court of Appeal, First Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.