Filed 3/27/25  P. v. Valdez CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083508 |
| v. | (Super.Ct.No. FWV028757) |
| DANNY MARTINEZ VALDEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Ingrid Adamson Uhler, Judge.  (Retired Judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Reversed and remanded with directions.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa A. Mandel and Joseph C. Anagnos, Deputy Attorneys General, for Plaintiff and Respondent.

## I.

## INTRODUCTION

Defendant and appellant Danny Martinez Valdez appeals from his Penal Code[1] section 1172.75 resentencing. He asserts the matter must be remanded, as the trial court should have performed a full resentencing with his presence rather than simply striking his no longer valid one-year prior prison term enhancements. The People concede the error. We will remand for a full resentencing pursuant to section 1172.75.

## II.

## BACKGROUND[2]

On December 5, 2003, a jury convicted defendant of inflicting corporal injury on a cohabitant (§ 273.5, subd. (a); count 1).

On January 30, 2004, the trial court found true allegations defendant had four prior convictions, which qualified as strike priors (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), serious felony priors (§ 667, subd. (a)(1)), and prison priors (§ 667.5, subd. (b)). Defendant's four prior strike convictions were for assault with intent to commit rape in 1976 (§ 220); assault with intent to commit rape in 1979 (§ 220); assault upon a person

---

[1] All future references are to the Penal Code.

[2] The substantive facts underlying defendant's conviction are not relevant to our disposition and are therefore not recounted here.

2

with a firearm (§ 245, subd. (a)(2)) with an attached allegation of great bodily injury (§ 12022.7) in 1989; and criminal threats (§ 422) in 2001.

On April 30, 2004, the court sentenced defendant to an indeterminate term of imprisonment of 29 years to life as follows:  25 years to life for the substantive offense, plus one year each for the four prior prison term enhancements to run consecutively.[3]

On May 12, 2015, this court affirmed an order denying defendant resentencing under section 1170.126, a codified portion of the Three Strikes Reform Act of 2012.[4] (See *People v. Valdez* (May 12, 2015, E060673) [nonpub. opn.] (*Valdez I*).)[5]  We held that at least one of defendant's convictions for assault with intent to rape fits that definition, disqualifying him from relief.  (*Valdez I*, *supra*, E060673.)

---

[3]  The record does not disclose what happened to the prior serious felony enhancements, i.e., it is unknown whether the trial court struck the sentence on the four prior serious felony enhancements.  However, as the People note, they cannot, at this point, be used to increase defendant's sentence.  (See § 1172.75, subd. (d)(1) ["Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed."].)

[4]  "The Act . . . provides a means whereby prisoners currently serving sentences of 25 years to life for a third felony conviction which was not a serious or violent felony may seek court review of their indeterminate sentences and, under certain circumstances, obtain resentencing as if they had only one prior serious or violent felony conviction." (*People v. Superior Court* (*Kaulick*) (2013) 215 Cal.App.4th 1279, 1286.)  However, the Act makes ineligible for resentencing any defendant who has sustained a prior conviction for a sexually violent offense, including assault with intent to rape "when committed by force, violence, duress, menace, fear of immediate and unlawful bodily injury on the victim or another person, or threatening to retaliate in the future against the victim or any other person."  (§§ 220, 667, subd. (e)(2)(C)(iv); Welf. & Inst. Code, § 6600, subd. (b).)

[5]  We granted the People's request to take judicial notice of *Valdez I*, *supra*, E060673 and *People v. Valdez* (Dec. 19, 2023, E080098) [nonpub. opn.] (*Valdez II*).

3

In September 2022, at an ex parte proceeding, the trial court denied defendant relief under former section 1171.1 (now section 1172.75) on the ground that he is "'ineligible for resentencing due to prior record involving PC 220.'" (*Valdez II*, *supra*, E080098.) In *Valdez II*, *supra*, E080098, we accepted defendant's concession that "the one-year enhancement for his 1979 assault with intent to commit rape (§ 220) should not be dismissed," "agree[d] with the parties that enhancements for defendant's assault with a firearm and criminal threat convictions should be dismissed," and "conclude[d] the matter should be remanded for further proceedings on whether to dismiss the enhancement for defendant's 1976 conviction for assault with intent to commit rape." (*Valdez II*, *supra*, E080098.) Our disposition in *Valdez II* was as follows: "The trial court's order declining to dismiss defendant's four one-year enhancements is affirmed in part and reversed in part. The court's order declining to dismiss the enhancement for defendant's 1979 conviction for assault with intent to commit rape is affirmed. The court's order declining to dismiss the enhancements for defendant's 1989 assault with a firearm and a 2001 criminal threat convictions is reversed. On remand, the trial court is directed to dismiss the enhancements for those convictions and to hold further proceedings consistent with section 1172.75 to decide whether to dismiss the enhancement for defendant's 1976 conviction for assault with intent to commit rape." (*Valdez II*, *supra*, E080098.)

On March 7, 2024, the trial court conducted a hearing on this court's remittitur. The minute order noted, "Defendant not present [¶] (presence waived)." The parties

4

stipulated that the prior prison term enhancement for defendant's 1976 conviction for assault with intent to rape should be struck. The trial court struck that enhancement, as well as the enhancements for assault with a firearm and criminal threats, leaving only the enhancement for assault with intent to commit rape in 1979. The hearing concluded with the following colloquy between the trial court and defense counsel:

"THE COURT: I'll also indicate for the record that [defense counsel] is going to indicate that he feels that this hearing should result in a full resentencing hearing in the future.

"[DEFENSE COUNSEL]: Or now.

"THE COURT: And believes that the issue is in front of the California Supreme Court. However, based on the Court of Appeal's decision that's been reviewed by this Court, I believe I have limited authority just to follow directions of the Court of Appeal in terms of the remittitur. So any full resentencing hearing will be denied. . . . So in regards to resentencing you're going to strike the three one-year priors as requested. [¶] So for the record, the new sentence will be an [indeterminate] sentence of 26 years to life versus the 29 years to life that was previously imposed by the Court back on April 30th, 2004. With the credits of that date of being 266 actual and 103 conduct for a total of 399 days as of April 30th, 2004." Defendant timely appealed.

5

DISCUSSION

On appeal, defendant argues his federal due process rights were violated when the trial court failed to conduct a full resentencing hearing as required under section 1172.75 and that he had a right to be personally present at the hearing. The People concede defendant was entitled to a full resentencing and that the court did not obtain a valid waiver of defendant's right to be personally present at resentencing. We agree with the parties.

Effective January 1, 2022, Senate Bill No. 483 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 728) added section 1172.75 (formerly § 1171.1) (Stats. 2022, ch. 58, § 12, eff. June 30, 2022), which renders "legally invalid" any section 667.5, subdivision (b), sentence enhancement imposed prior to January 1, 2020, "except for any enhancement imposed for a prior conviction for a sexually violent offense" (§ 1172.75, subd. (a)). If a judgment includes a qualifying prior prison term enhancement, the trial court shall recall the sentence and resentence the defendant. (§ 1172.75, subd. (c).) "By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements." (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402.) For example, section 1172.75: (1) creates a presumption that resentencing shall result in a lesser sentence than that originally imposed (§ 1172.75, subd. (d)(1)); (2) requires the court to apply "changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of

sentencing" (§ 1172.75, subd. (d)(2)); (3) allows the court to consider postconviction factors (§ 1172.75, subd. (d)(3)); and (4) guides the court in selecting the appropriate terms (§ 1172.75, subd. (d)(4)).

"The statute further establishes a mechanism to provide affected defendants a remedy for those legally invalid enhancements." (*People v. Burgess* (2022) 86 Cal.App.5th 375, 380.) Section 1172.75, subdivision (b), directs the Secretary of the California Department of Corrections and Rehabilitation (CDCR) to identify inmates "currently serving a term for a judgment that includes an enhancement described in subdivision (a)" and to "provide the name of each person, along with the person's date of birth and the relevant case number or docket number, to the sentencing court that imposed the enhancement."

Moreover, a criminal defendant's right to be personally present at trial and by extension all critical stages of the criminal prosecution, including sentencing and resentencing, is guaranteed in the federal Constitution by the confrontation clause of the Sixth Amendment and the due process clause of the Fourteenth Amendment. (*People v. Velasco* (2023) 97 Cal.App.5th 663, 673 (*Velasco*).) It is also required by section 15 of article I of the California Constitution and by sections 977 and 1043. (*Velasco*, at p. 673.)

Section 977, subdivision (b)(1), requires a defendant "be physically present at the arraignment, at the time of plea, during the preliminary hearing, during those portions of the trial when evidence is taken before the trier of fact, and at the time of the imposition

of sentence. The accused shall be physically or remotely present at all other proceedings unless they waive their right to be physically or remotely present, with leave of court and with approval by defendant's counsel." "The waiver of a defendant's right to be physically or remotely present may be in writing and filed with the court or, with the court's consent, may be entered personally by the defendant or by the defendant's counsel of record." (§ 977, subd. (b)(2).)

"A waiver of the defendant's physical or remote presence may be entered by counsel, after counsel has stated on the record that the defendant has been advised of the right to be physically or remotely present for the hearing at issue, has waived that right, and agrees that notice to the attorney that the defendant's physical or remote presence in court at a future date and time is required is notice to the defendant of that requirement." (§ 977, subd. (b)(2)(B).)

"As a matter of both federal and state constitutional law, . . . a defendant may validly waive his or her right to be present during a critical stage of the trial, provided the waiver is knowing, intelligent, and voluntary." (*People v. Cunningham* (2015) 61 Cal.4th 609, 633 (*Cunningham*).) "'[T]he court can rely upon the representations of defense counsel that the accused was knowingly absent from the proceedings.'" (*People v. Fedalizo* (2016) 246 Cal.App.4th 98, 110.) In this case, defendant's counsel did not indicate that defendant waived his presence or authorized the waiver, and there was no evidence on the record that otherwise showed that the waiver, through counsel, was "knowing." (*Cunningham*, at p. 633.)

8

"When errors involving a defendant's federal constitutional rights are implicated, the standard set forth in *Chapman v. California* (1967) 386 U.S. 18 . . . applies and the error is prejudicial and requires reversal unless we can conclude beyond a reasonable doubt that it did not affect the outcome of the proceeding." (*Velasco*, *supra*, 97 Cal.App.5th at p. 674.) We review de novo whether trial courts have complied with section 1172.75's resentencing requirements. (*People v. Carter* (2023) 97 Cal.App.5th 960, 967 (*Carter*).)

Here, the trial court struck defendant's three prior prison enhancements but did not conduct a full resentencing as requested by defense counsel or obtain a valid waiver of defendant's absence from the hearing. "[A] defendant eligible for removal of a prison prior under section 1172.75 must be provided an opportunity for full resentencing to argue for further relief under any other ameliorative changes in law that reduce sentences, regardless of whether their sentence resulted from a plea agreement." (*Carter*, *supra*, 97 Cal.App.5th at p. 972.) Furthermore, had defendant been present, "he may have 'offered mitigating factors that arose after his original sentencing; he may have expressed remorse; [or] he may have made a plea for leniency.'" (*Velasco*, *supra*, 97 Cal.App.5th at p. 674.) As such, this case must be remanded to conduct a full resentencing hearing with defendant present or with his valid waiver.

We reverse and remand for a full resentencing hearing pursuant to section 1172.75 with defendant present or with his valid waiver. Upon resentencing, the trial court should calculate defendant's custody credits, prepare an amended abstract of judgment, and

forward a copy of the amended abstract of judgment to the CDCR.  (*People v. Buckhalter* (2001) 26 Cal.4th 20, 37 [when a trial court resentences a defendant on remand, it must credit him with all actual days he spent in custody (whether in jail or prison) up to that time, including his time in custody after the original sentencing]; *People v. Buycks* (2018) 5 Cal.5th 857, 893 ["[O]n remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.'"].)

IV.

DISPOSITION

The sentence is vacated and the matter remanded for a full resentencing hearing in defendant's presence or with defendant's waiver.  Following resentencing, the trial court should prepare an amended abstract of judgment and forward a copy to the CDCR.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

RAMIREZ
P. J.

MILLER
J.