Filed 4/24/25  P. v. Rosales CA4/2
See Dissenting Opinion

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083243 |
| v. | (Super. Ct. No. RIF128141) |
| MANUEL ROSALES, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Reversed and remanded with directions.

Thien Huong Tran, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier, Kathryn A. Kirschbaum, and Nora S. Weyl, Deputy Attorneys General, for Plaintiff and Respondent.

1

# I.

## INTRODUCTION

The trial court found defendant and appellant Manuel Rosales, Jr. ineligible for resentencing pursuant to Penal Code[1] section 1172.75 because the sentencing enhancement imposed for his having suffered prior prison terms (§ 667.5, subd. (b)) were imposed and stayed during his initial sentencing proceedings.

On appeal, defendant contends he is entitled to a full resentencing hearing pursuant to section 1172.75, even though his two-valid prison priors (§ 667.5, subd. (b)) were imposed and stayed. We agree that defendant is entitled to sentencing relief under section 1172.75 for his two prior prison term enhancements which were imposed and stayed. We therefore reverse the order and remand for the trial court to recall defendant's sentence, vacate his two valid prison prior enhancements, and resentence him under section 1172.75, subdivision (d).

# II.

## PROCEDURAL BACKGROUND[2]

In November 2008, a jury found defendant guilty of transporting methamphetamine (Health & Saf. Code, § 11379, subd. (a); counts 1 & 3), possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a); count 2), and possession of

---

[1] All future statutory references are to the Penal Code.

[2] The underlying factual background is not relevant to the issues raised on appeal. We therefore dispense with a statement of facts.

methamphetamine for sale (Health & Saf. Code, § 11378; count 4).  In a bifurcated proceeding, the trial court found true an allegation that defendant had committed a felony while released on bail (§ 12022.1).  The court also found true that defendant had served three prior prison terms (§ 667.5, subd. (b)) and that he had suffered three prior serious or violent felony strike convictions (§§ 667, subds. (c) & (e)(2)(A) & 1170.12, subd. (c)(2)(A)).  One of the prior prison term enhancements was for a 1999 conviction of a lewd act with a child under 14 years old (§ 288, subd. (a)).  The trial court sentenced defendant to an indeterminate term of 50 years to life, plus a determinate term of two years in state prison consisting of 25 years to life in state prison for each of counts 1 and 3, plus an additional two years for the out-on-bail enhancement.  Sentence on counts 2 and 4 was stayed pursuant to section 654.  For each of the three prior prison term enhancements, the trial court imposed and stayed a one-year prison term.

At some point, the California Department of Corrections and Rehabilitation (CDCR) identified defendant as a person currently serving a prison term that included a prison prior enhancement imposed pursuant to section 667.5, subdivision (b).  The trial court then scheduled a hearing regarding the potential recall and resentencing pursuant to section 1172.75.

On December 28, 2023, defendant filed a resentencing memorandum pursuant to section 1172.75.

On December 29, 2023, the trial court held a hearing pursuant to section 1172.75.  Counsel for defendant and the People were present.  Defendant was not present.  After

incorporating by reference the section 1172.75 proceedings held in *People v. Archuleta* (RIF1605083) and *People v. Bonachea* (BAF1801172), the trial court found defendant ineligible for resentencing under section 1172.75. In the *Archuleta* case, the trial court agreed with the reasoning of *People v. Rhodius* (2023) 97 Cal.App.5th 38, 40, review granted February 21, 2024, S283169 (*Rhodius*), and concluded that section 1172.75 only applied to imposed and executed enhancements because there would be no reduction in time as required by the statute. The court thus denied defendant relief to be resentenced under section 1172.75. Defendant timely appealed.

III.

DISCUSSION

Defendant argues he is entitled to a full resentencing hearing pursuant to section 1172.75 regardless of whether the prior prison term enhancement was imposed and stayed or imposed and executed.[3] The People respond defendant is not entitled to a full resentencing hearing because section 1172.75 does not apply to an imposed and stayed section 667.5, subdivision (b) prior prison enhancement, and urge this court to follow the reasoning of our previous decision in *Rhodius* and affirm the order denying resentencing under section 1172.75.

---

[3] The question of whether section 1172.75 applies to prior prison terms which were imposed and stayed is currently pending before our Supreme Court. (See *Rhodius*, *supra*, 97 Cal.App.5th 38; *People v. Christianson* (2023) 97 Cal.App.5th 300, review granted, Feb. 21, 2024, S283189 (*Christianson*), and *People v. Saldana* (2023) 97 Cal.App.5th 1270 (*Saldana*), review granted Mar. 12, 2024, S283547 *(Saldana)*.)

Before January 2020, section 667.5, subdivision (b), permitted enhancements for any prior prison term for a felony. (Stats. 2018, ch. 423, § 65.) Effective January 1, 2020, the Legislature amended subdivision (b) to limit prior prison term enhancements to sexually violent offenses. (Stats. 2019, ch. 590, § 1.) The Legislature made this change retroactive by adding section 1171.1 (Stats. 2021, ch. 728, § 3), which was later renumbered to section 1172.75 without substantive change. (Stats. 2022, ch. 58, § 12.)

Under section 1172.75, "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of [s]ection 667.5," except for enhancements for certain sexually violent offenses, "is legally invalid." (§ 1172.75, subd. (a).) Section 1172.75 also provides that, if a prior prison term enhancement becomes invalid under the section, a trial court "shall recall the sentence and resentence the defendant" (§ 1172.75, subd. (c)), and, in doing so, "shall apply . . . any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).)

Here, defendant's judgment includes three stayed prison priors, one which was imposed and stayed for a lewd act with a child under 14 years old (§ 288, subd. (a)). The parties agree that section 1172.25 can apply to the other two prison priors that were imposed and stayed and that the one imposed for a lewd act with a child is valid.

In *Rhodius*, *supra*, 97 Cal.App.5th 38, this court held that the section 1172.75 resentencing provision does not apply when the trial court imposes and stays a prison prior enhancement. Defendant urges this court to reject *Rhodius*, and follow

*Christianson* and *Saldana*, which concluded the converse. He argues that subsequent decisions by other appellate courts hold, to the contrary, that section 1172.75, as amended by Senate Bill No. 136 (2019-2020 Reg. Sess.) (Stats. 2019, ch. 590.) and Senate Bill No. 483 (Reg. Sess. 2021-2022) (Stats. 2021, ch. 728.), broadly applies to enhancements imposed and stayed, such as in the instant case. The other appellate courts focus primarily on the meaning of the term "imposed," within the meaning of section 1172.75, subdivision (a). (See *People v. Renteria* (2023) 96 Cal.App.5th 1276, 1282 (*Renteria*) [the word "'impose'" applies to enhancements that are """imposed and then *executed*,"" as well as those that are """imposed and then *stayed*""]; *Christianson*, *supra*, 97 Cal.App.5th at p. 305; *Saldana*, *supra*, 97 Cal.App.5th at p. 1276; *People v. Mayberry* (2024) 102 Cal.App.5th 665 (*Mayberry*).)

By granting review of *Rhodius*, *supra*, 97 Cal.App.5th 38, the Supreme Court has agreed to resolve the "imposition" issue. In *Rhodius*, *supra*, 97 Cal.App.5th 38, our court construed the term "imposed," within the meaning of section 1172.75, subdivision (a), as being limited to a sentence being "imposed and executed." We so limited the meaning of "imposed" in order to make sense of the requirement in section 1172.75, subdivision (d)(1), that resentencing must result in "a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement." (*Rhodius*, *supra*, at pp. 42-45.) We reasoned that "[t]he only way for the repealed enhancement to have increased the length of a sentence is for the enhancement to have been imposed and executed." (*Id*. at p. 44.) Therefore, if section 1172.75 applied to stayed prison prior

6

enhancements, then a resentencing court faced with such an enhancement would be forced to "arbitrarily lower" the defendant's sentence to comply with the "lesser sentence" requirement. (*Rhodius*, *supra*, at p. 44.) To avoid that outcome, we held in *Rhodius* that section 1172.75 must be construed to apply only to prison prior enhancements that were imposed and executed, and not to stayed prison prior enhancements. (*Rhodius*, *supra*, at p. 44.)

All other appellate decisions that have considered this issue were decided after *Rhodius*, with the exception of *Renteria*, *supra*, 96 Cal.App.5th 1276. So far, all of the published decisions, other than *Rhodius*, have concluded that section 1172.75 applies regardless of whether the imposed prison prior enhancement was executed or stayed. (*Renteria*, *supra*, 96 Cal.App.5th 1276; *Christianson*, *supra*, 97 Cal.App.5th 300; *Saldana*, *supra*, 97 Cal.App.5th 1270; *Mayberry*, *supra*, 102 Cal.App.5th 665.) *Christianson*, *Saldana*, and *Mayberry* reasoned that *Rhodius's* refusal to apply section 1172.75 to stayed prison prior enhancements was unfounded, because striking a stayed enhancement results in a "lesser" sentence within the meaning of section 1172.75, subdivision (d)(1).

The court in *Christianson* explained that a stayed enhancement carries "the potential for an increased sentence," because "the trial court retains the ability to lift the stay and impose the term under certain circumstance[s], such as if an alternately imposed term is invalidated." (*Christianson*, *supra*, 97 Cal.App.5th at p. 312.) Striking a stayed enhancement reduces the defendant's sentence because it eliminates the risk the

7

sentencing court will execute the enhancement in the future. (*Ibid.*; see *Saldana*, *supra*, 97 Cal.App.5th at p. 1277; *Mayberry*, *supra*, 102 Cal.App.5th at pp. 674-675 ["Imposed-but-stayed prison prior enhancements carry the possibility of execution," and striking them "eliminates their impact"].) Resentencing courts thus would not be required to arbitrarily lower a sentence that included a stayed prison prior enhancement, because striking the enhancement is sufficient to satisfy the "lesser sentence" mandate of section 1172.75, subdivision (d)(1). (*Christianson*, *supra*, at p. 312; *Saldana*, *supra*, at p. 1277; *Mayberry*, *supra*, at p. 674.)

The term for a stayed enhancement does not become permanent until "the defendant finishes serving the part of the sentence that has not been stayed." (Cal. Rules of Court, rule 4.447(a)(2).) Furthermore, a direct appeal is not the only circumstance in which an alternately imposed term can be invalidated. As occurred with section 1172.75, the Legislature sometimes enacts retroactive changes to sentencing laws. (See *Saldana*, *supra*, 97 Cal.App.5th at p. 1278, ["a stayed term or enhancement . . . is part of the sentence and remains available if its execution becomes necessary and proper for any legally sanctioned reason"].) Because defendant is still serving the sentence imposed for his conviction, his prison prior enhancement still "carr[ies] the possibility of execution." (*Mayberry*, *supra*, 102 Cal.App.5th at p. 674.)

Pending resolution and guidance by our Supreme Court of the split among the appellate courts on this issue, we conclude that the other appellate courts' compelling reasoning raised after *Rhodius* was decided, persuasively supports applying

8

section 1172.75 to all imposed prison prior enhancements, regardless of whether the enhancements were stayed or executed. We also agree that striking a stayed enhancement results in a lesser sentence. (*Christianson*, *supra*, 97 Cal.App.5th at pp. 312, 315; *Saldana*, *supra*, 97 Cal.App.5th at p. 1277; *Mayberry*, *supra*, 102 Cal.App.5th at pp. 674-675.)

We recognize that this decision is inconsistent with this court's previous decision in *Rhodius*. Nevertheless, for the reasons stated above, we conclude contrary to *Rhodius* that section 1172.75 applies to defendant's stayed prison prior enhancement. As a result, he is entitled to reversal of the trial court order denying sentencing relief and remand for the trial court to recall his sentence, to vacate his two non-sexually violent prison prior enhancements, and resentence him under section 1172.75, subdivision (d). (See *People v. Monroe* (2022) 85 Cal.App.5th 393, 402 ["[S]ection 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements."].)

We further note that a criminal defendant's right to be personally present at trial and by extension all critical stages of the criminal prosecution, including sentencing and resentencing, is guaranteed in the federal Constitution by the confrontation clause of the Sixth Amendment and the due process clause of the Fourteenth Amendment. (*People v. Velasco* (2023) 97 Cal.App.5th 663, 673 (*Velasco*).) It is also required by section 15 of article I of the California Constitution and by sections 977 and 1043. (*Velasco*, at p. 673.)

Section 977, subdivision (b)(1), requires a defendant "be physically present at the arraignment, at the time of plea, during the preliminary hearing, during those portions of

9

the trial when evidence is taken before the trier of fact, and at the time of the imposition of sentence. The accused shall be physically or remotely present at all other proceedings unless they waive their right to be physically or remotely present, with leave of court and with approval by defendant's counsel." "The waiver of a defendant's right to be physically or remotely present may be in writing and filed with the court or, with the court's consent, may be entered personally by the defendant or by the defendant's counsel of record." (§ 977, subd. (b)(2).)

"A waiver of the defendant's physical or remote presence may be entered by counsel, after counsel has stated on the record that the defendant has been advised of the right to be physically or remotely present for the hearing at issue, has waived that right, and agrees that notice to the attorney that the defendant's physical or remote presence in court at a future date and time is required is notice to the defendant of that requirement." (§ 977, subd. (b)(2)(B).)

"As a matter of both federal and state constitutional law, . . . a defendant may validly waive his or her right to be present during a critical stage of the trial, provided the waiver is knowing, intelligent, and voluntary." (*People v. Cunningham* (2015) 61 Cal.4th 609, 633 (*Cunningham*).) "'[T]he court can rely upon the representations of defense counsel that the accused was knowingly absent from the proceedings.'" (*People v. Fedalizo* (2016) 246 Cal.App.4th 98, 110.) In this case, defendant's counsel did not indicate that defendant waived his presence or authorized the waiver, and there was no evidence on the record that otherwise showed that the waiver, through counsel, was

10

"knowing." (*Cunningham*, at p. 633.)

"When errors involving a defendant's federal constitutional rights are implicated, the standard set forth in *Chapman v. California* (1967) 386 U.S. 18 . . . applies and the error is prejudicial and requires reversal unless we can conclude beyond a reasonable doubt that it did not affect the outcome of the proceeding." (*Velasco*, *supra*, 97 Cal.App.5th at p. 674.) We review de novo whether trial courts have complied with section 1172.75's resentencing requirements. (*People v. Carter* (2023) 97 Cal.App.5th 960, 967 (*Carter*).)

Here, defendant was not present at the hearing and there is no indication in the record that a valid waiver of defendant's absence from the hearing was obtained. "[A] defendant eligible for removal of a prison prior under section 1172.75 must be provided an opportunity for full resentencing to argue for further relief under any other ameliorative changes in law that reduce sentences, regardless of whether their sentence resulted from a plea agreement." (*Carter*, *supra*, 97 Cal.App.5th at p. 972.)

Furthermore, had defendant been present, "he may have 'offered mitigating factors that arose after his original sentencing; he may have expressed remorse; [or] he may have made a plea for leniency.'" (*Velasco*, *supra*, 97 Cal.App.5th at p. 674.) As such, this case must be remanded to conduct a full resentencing hearing with defendant present or with his valid waiver.

We reverse and remand for a full resentencing hearing pursuant to section 1172.75 with defendant present or with his valid waiver. Upon resentencing, the trial court should

11

calculate defendant's custody credits, prepare an amended abstract of judgment, and forward a copy of the amended abstract of judgment to the CDCR. (*People v. Buckhalter* (2001) 26 Cal.4th 20, 37 [when a trial court resentences a defendant on remand, it must credit him with all actual days he spent in custody (whether in jail or prison) up to that time, including his time in custody after the original sentencing]; *People v. Buycks* (2018) 5 Cal.5th 857, 893 ["[O]n remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.'"].)

IV.

DISPOSITION

The trial court's December 29, 2023 order finding defendant ineligible for sentencing relief is reversed. The matter is remanded to the trial court for a full resentencing hearing under section 1172.75, subdivision (d), in defendant's presence or with defendant's waiver. Following resentencing, the trial court should prepare an amended abstract of judgment and forward a copy to the CDCR.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>CODRINGTON</u>

J.

I concur:

<u>FIELDS</u>

J.

12

[*People v. Rosales*, E083243]

McKINSTER, Acting P. J., dissenting:

I continue to adhere to our decision in *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted February 21, 2024, S283169. *Christianson*'s reasoning, on which the majority rely in part, is at least in some degree flawed; *Christianson* erroneously asserts that a court could impose punishment on a stayed prior prison term enhancement *at some point in the future*. (*People v. Christianson* (2023) 97 Cal.App.5th 300, review granted Feb. 21, 2024, S283189.)

Contrary to *Christianson*'s implication, punishment on the stayed enhancements here could *never subsequently* be imposed because the law has invalidated them. (*People v. Mayberry* (2024) 102 Cal.App.5th 665, 676, review granted Aug. 14, 2024, S285853.) Thus, defendant was not entitled to a full resentencing hearing because he was not serving time on an invalid section 667.5, subdivision (b) enhancement, time on the enhancements could now never be imposed, and striking the enhancements would not result in a lesser sentence than the one originally imposed.

To interpret the law to permit relief to a person who was "lucky" enough to *only* have punishment on his enhancement stayed but not to someone who was "unfortunate" enough to have his enhancement *completely* stricken strains credulity. Moreover, since defendant was per se ineligible for a full resentencing hearing, he was not entitled to be

1

present at the hearing.  Therefore, I would affirm the order denying defendant a full resentencing hearing.

McKINSTER
Acting P. J.

14