Filed 3/13/26  P. v. Keene CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D087145 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. FSB703571) |
| JOHN KEENE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Bernardino County, Michael A. Smith, Judge.  Affirmed.

Laura Beth Arnold, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Robin Urbanski, Donald W. Ostertag and Juliet W. Park, Deputy Attorneys General, for Plaintiff and Respondent.

In 2023, the trial court recalled the sentence of defendant John Keene and struck the now invalid one-year prison prior. (Pen. Code,[1] § 1172.75, subd. (a).) In September 2024, the court conducted a full resentencing hearing and struck a one-year deadly weapon enhancement. (§ 12022, subd. (b)(1).) The court, however, reimposed (1) the upper term on Keene's conviction for attempted murder, and the enhancements he admitted as part of his 2009 guilty plea; and (2) resentenced him to a determinate term of 26 years.

On appeal, Keene contends the trial court erred when it (1) relied on a written waiver he and his counsel of record signed in accordance with section 977, and conducted the full resentencing hearing in Keene's absence; (2) reimposed the upper term for his attempted murder conviction, based on aggravating circumstances that were neither stipulated to nor found true beyond a reasonable doubt; and (3) refused to exercise its discretion and strike his prior serious felony and/or great bodily injury enhancements. Finally, he contends (4) remand is necessary for the court to consider his postconviction conduct.

As we explain, we reject each of these contentions and affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

A. *Underlying Offenses*

In September 2007, Keene stabbed Patricia F. "numerous times" in her chest and back with a knife. About a week before the incident, he and Patricia F. had broken off their dating relationship. Keene subsequently admitted to stabbing her.

---

[1] All further statutory references are to the Penal Code.

2

In May 2009, Keene entered a guilty plea to attempted murder (§§ 664 & 187, subd. (a)) and in committing that offense, admitted he personally (1) inflicted great bodily injury (§ 12022.7, subd. (a)) and (2) used a deadly weapon (§ 12022, subd. (b)(1)).  He also admitted having a (3) prison prior (§ 667.5, subd. (b)); (4) serious felony prior (§ 667, subd. (a)(1)); and (5) strike prior (§§ 1170.12, subds. (a)–(d), 667, subds. (b)–(i)).

The agreed-upon sentence consisted of the upper term of nine years for count 1, doubled to 18 years based on the prior strike conviction; a consecutive three-year upper term for the great bodily injury enhancement; a consecutive one-year upper term for the deadly weapon enhancement; a consecutive five-year term for the serious felony prior; and a consecutive one-year term for the prison prior.  The trial court dismissed the balance of the first amended information and originally sentenced Keene to a determinate term of 28 years.

B. *Recall of Sentence and Resentencing*

In November 2023, the trial court recalled Keene's sentence and struck the one-year prison prior (§ 1172.75, subd. (a)), reducing his sentence to 27 years.  As discussed in detail *post*, in September 2024 the court held the full resentencing hearing in Keene's absence; struck the one-year deadly weapon enhancement; and reimposed the remaining terms, resentencing Keene to 26 years.

DISCUSSION

I.

*Keene Waived His Appearance at Resentencing*

Keene contends the trial court violated his right to due process of law when it conducted the resentencing hearing in his absence.  We disagree.

3

A. *Additional Background*

    1.  Waiver of Appearance

The trial court originally set Keene's resentencing for March 1, 2024. Keene did not appear for the hearing. Thereafter, the court continued the resentencing hearing multiple times due to his nonappearance, each time requesting that defense counsel either prepare a transport order if Keene wanted to be present or a written waiver of appearance if he did not.

On September 9, Keene filed a resentencing brief that included his written waiver of appearance.[2] Keene argued "[m]any defendants forego returning to court for re-sentencing[,] as it might affect programming, housing arrangements or other aspects of their sentence." He further argued the written waiver was a "valid waiver of [his] rights for re-sentencing herein"; he "was advised of the right to be present for all critical stages of the proceedings"; and "knowingly waive[d] his presence in court so that counsel and the court can determine the appropriateness of re-sentencing in this matter."

---

[2]    Keene signed the waiver on June 25, 2024. It provided: "The undersigned defendant, having been advised of their right to be present at all stages of the proceedings, including, but not limited to, presentation of and arguments on questions of fact and law, and to be confronted by and cross-examine all witnesses, hereby knowingly, intelligently, and voluntarily waives the right to be physically or remotely present at the hearing of any motion or other proceeding in this cause. The undersigned defendant hereby requests the court to proceed during every absence of the defendant that the court may permit pursuant to this waiver, and hereby agrees that their interest is represented at all times by the presence of their attorney the same as if the defendant were physically or remotely present in court, and further agrees that notice to their attorney that their physical or remote presence in court on a particular day at a particular time is required is notice to the defendant of the requirement of their physical or remote appearance at that time and place."

4

On the merits, Keene asked the trial court to exercise its discretion and (1) "strike any prior strikes used to double the punishment"; (2) "reduce any upper term sentences to lower or middle terms"; (3) "strike any enhancements previously imposed"; and (4) consider his "disciplinary and rehabilitative records as a fair representation of [his] rehabilitative efforts while incarcerated."

At the continued September 13 hearing, the trial court confirmed defense counsel had submitted Keene's section 977 waiver, after he again did not appear for resentencing.

2. Resentencing Hearing

The trial court conducted the full resentencing hearing on September 18, noting it was proceeding in Keene's absence based on his section 977 waiver. Defense counsel also confirmed he was appearing on Keene's behalf; and asked the court to reduce Keene's upper-term sentence for attempted murder to either the low or middle term and strike the serious felony prior.

The prosecutor acknowledged that Keene "has done relatively well in prison," without "too many incidents of violence." The prosecutor, however, noted Keene received the original, 28-year determinate sentence through a plea bargain, which the prosecutor argued was a "pretty fair deal" considering Keene was a "three-striker entering this case" and facing a "life charge," and his attack on Patricia F. resulted in a life-threatening injury. If the court was inclined to reduce Keene's sentence, the prosecutor suggested striking either the great bodily injury enhancement or the serious felony prior.

After hearing the argument of counsel, the trial court struck the one-year term for the deadly weapon enhancement, ruling it was somewhat

5

duplicative of the great bodily injury enhancement, and resentenced Keene to 26 years in state prison.

B. *Guiding Principles*

Under section 1172.75, subdivision (c), if a defendant is serving a sentence that includes a now invalid prison prior, the trial court must "recall the sentence and resentence the defendant." " 'By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly "invalid" enhancements.' " (*People v. Garcia* (2024) 101 Cal.App.5th 848, 855; accord, *People v. Monroe* (2022) 85 Cal.App.5th 393, 402.)

A defendant's right to be personally present at trial and, by extension, at all critical stages of the criminal prosecution including resentencing, is guaranteed in the federal Constitution by the confrontation clause of the Sixth Amendment and the due process clause of the Fourteenth Amendment, as well as by section 15 of article I of the California Constitution and Penal Code section 977. (*People v. Velasco* (2023) 97 Cal.App.5th 663, 673 (*Velasco*).)

"As a matter of both federal and state constitutional law, . . . a defendant may validly waive his or her right to be present during a critical stage of the trial, provided the waiver is knowing, intelligent, and voluntary." (*People v. Cunningham* (2015) 61 Cal.4th 609, 633.) "The waiver of a defendant's right to be physically or remotely present may be in writing and filed with the court or, with the court's consent, may be entered personally by the defendant or by the defendant's counsel of record." (§ 977, subd. (b)(2); *People v. Fedalizo* (2016) 246 Cal.App.4th 98, 110 [" '[T]he court can rely upon the representations of defense counsel that the accused was knowingly absent from the proceedings.' "].)

6

C. *Analysis*

Keene submitted a written waiver on a form used by the Superior Court of the County of San Bernardino. He signed the waiver on June 25, 2024, months *before* the September 18 full resentencing hearing, and months *after* the trial court had initially scheduled that hearing. The written waiver tracked the exact language of section 977, subdivision (b)(4); and (1) advised Keene of his "right to be present at all stages of the proceedings" and to confront and cross-examine all witnesses; and (2) provided he (i) "knowingly, intelligently, and voluntarily waives the right to be physically or remotely present" in court and (ii) "agrees" his attorney of record would represent his interest "the same as if [Keene] were physically or remotely present."

Defense counsel also signed the waiver prior to the full resentencing hearing, and represented in Keene's sentencing brief that Keene had been advised of his "right to be present for all critical stages of the proceedings"; and that Keene in response had "knowingly waive[d] his presence" for resentencing. (See § 977, subd. (b)(2) [the defendant's counsel of record may enter the waiver of the defendant's appearance].) On this record, we conclude the trial court did not err in conducting the full resentencing hearing in Keene's absence.

In reaching our conclusion, we note this case is factually distinguishable from our decision in *Velasco, supra*, 97 Cal.App.5th 663. In *Velasco,* we reversed the cause and remanded it for resentencing because (1) the defendant did not execute a written waiver under section 977 and (2) his counsel merely represented the defendant was " 'not present before the Court,' " which representation we deemed was ineffective to constitute a valid waiver of his appearance in court. (*Id.* at p. 674.) Unlike the facts of *Velasco*, Keene signed a written waiver, admitted in his sentencing brief he had been

7

advised of his right to be present at resentencing and knowingly waived that right, and his counsel represented at resentencing that he was appearing on Keene's behalf pursuant to the section 977 waiver.

Keene, however, contends "[n]o California statute allows a felony resentencing to take place in the defendant's absence, with the defendant appearing through counsel." For support, he appears to rely on section 977, subdivision (c)(1), which provides in relevant part: "Upon waiver of the right to be physically present by the defendant, criminal proceedings may be conducted through the use of remote technology, except as provided in . . . subparagraph[ ] . . . (E)." Subparagraph (E), in turn, provides: "A defendant charged with a felony shall not appear remotely at sentencing, except for postconviction relief proceedings and as otherwise provided by law." (§ 977, subd. (c)(1)(E).)

We conclude section 977, subdivision (c)(1)(E) does not apply in this case. We note that section 1172.75 specifically allows the parties to "waive a resentencing hearing," and, if the hearing is not waived, to appear "through the use of remote technology." (§ 1172.75, subd. (e).) Keene's interpretation of section 977, subdivision (c)(1)(E)—preventing a defendant from appearing remotely (after he or she has waived the right to personally appear)—ignores subdivision (e) of section 1172.75, which expressly allows for such waivers.

" 'Under settled canons of statutory construction' " (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1125), " ' "[s]tatutory ambiguities often may be resolved by examining the context in which the language appears and adopting the construction which best serves to harmonize the statute internally *and with related statutes*" ' " (*id.* at p. 1126, italics added).

Interpreting the words of sections 977, subdivision (c)(1)(E) in context, and adopting an interpretation that harmonizes rather than conflicts with

8

subdivision (e) of section 1172.75, we conclude (1) a resentencing under section 1172.75 qualifies as an "postconviction relief proceeding[ ]" within the meaning of section 977, subdivision (c)(1)(E); and (2) a defendant therefore may waive his or her physical appearance at such a proceeding or appear "through the use of remote technology," as provided by section 1172.75, subdivision (e).[3]

## II.

### *The Trial Court Properly Reimposed the Upper Term on Count 1*

Keene next contends the trial court erred when it reimposed the upper term of nine years on his attempted murder conviction, because he neither stipulated to circumstances in aggravation to justify that term, nor did a jury or court find such circumstances true beyond a reasonable doubt. (See § 1170, subd. (b)(1), (2).) We disagree.

A. *Guiding Principles*

Effective January 1, 2022, the Legislature made the middle term the presumptive determinate sentence when a "statute specifies three possible terms." (§ 1170, subd. (b)(1), as amended by Stats. 2021, ch. 731, § 1.3.) "The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).)

---

[3]    In light of our decision on the merits, we deem it unnecessary to decide whether Keene forfeited or invited this claim of error, as the People alternatively contend.

Section 1172.75, subdivision (d) sets forth the procedure for resentencing a defendant when his or her sentence has been recalled. As relevant here, similar to the language in subdivision (b)(2) of section 1170, subdivision (d)(4) of section 1172.75 provides: "*Unless the court originally imposed the upper term*, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (Italics added.)

B. *Analysis*

There currently is a split in the Courts of Appeal whether the new burden of proof in subdivision (b) of section 1170 applies in resentencing a defendant under section 1172.75, subdivision (d)(4), when the court "originally imposed" the upper term on the defendant. (Compare *People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455, 467 (*Brannon-Thompson*) ["the Legislature intended the new burden of proof amendments to section 1170, subdivision (b) apply *only* if the trial court is imposing the upper term for the first time at a section 1172.75 resentencing"]; with *People v. Gonzalez* (2024) 107 Cal.App.5th 312, 329 [the new language in subdivision (d)(4) of section 1172.75 "simply restrict[s] the scope of defendants eligible to receive the upper term at resentencing to those who previously received the upper term, instead of creating a condition or exception independently justifying the imposition of the upper term"].) This issue is currently pending before our Supreme Court. (See *People v. Eaton* (Mar. 14, 2025, C096853) [nonpub. opn.], review granted May 14, 2025, S289903.) Until we receive further

10

guidance, we shall follow the *Brannon-Thompson* court's interpretation of section 1172.75, subdivision (d)(4).

First, we agree with *Brannon-Thompson* that the statute's plain language creates an exception to the new burden of proof required by section 1170, subdivision (b), when sentencing a defendant to an upper term. (See *Brannon-Thompson, supra*, 104 Cal.App.5th at p. 467 [the language— "[u]nless the court originally imposed the upper term"—in section 1172.75, subdivision (d)(4) is "unambiguous"].)

Second, the Legislature is "free to 'write statutes that provide for a different or more limited form of retroactivity, or for no retroactivity at all,' and it may 'disclaim the application of a new ameliorative law to proceedings that occur after a defendant's conviction or sentence has been vacated.' " (*People v. Mathis* (2025) 111 Cal.App.5th 359, 374.) "Section 1172.75, subdivision (d)(4), does exactly that. It expresses the Legislature's intent that the new, heightened factfinding requirements for aggravating factors do not apply where the defendant was originally, lawfully sentenced to an upper term." (*Id.* at p. 374, citing *Brannon-Thompson, supra*, 104 Cal.App.5th at pp. 466–467; accord *People v. Lynch* (2024) 16 Cal.5th 730, 747 [under the previous statutory scheme, there was no requirement for a trial court to find a particular fact as a condition to imposing the upper term].)

For all of these reasons, we conclude the trial court did not err when it resentenced Keene to the upper term on his attempted murder conviction.

## III.

### *The Trial Court Properly Refused to Dismiss the Enhancements*

Keene also contends the trial court abused its discretion when it refused to dismiss at resentencing the prior serious felony (§ 667, subd. (a)(1))

11

and/or great bodily injury (§ 12022.7, subd. (a)) enhancements. We again disagree.

A. *Guiding Principles*

In 2021, the Legislature amended section 1385 to add subdivision (c). (Sen. Bill No. 81 (Stats 2021, ch. 721, § 1).) Subdivision (c)(1) of this statute provides in part: "[n]otwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so." (§ 1385, subd. (c)(1).) Subdivision (c)(2) requires the court to give "great weight" to evidence of "mitigating circumstances." (*Id.*, subd. (c)(2)(A)–(I).) "Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety. 'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others." (*Id.*, subd. (c)(2).)

"Construed as a whole, [section 1385] makes clear that all the mitigating circumstances listed in subdivision (c)(2) merely guide the court's discretion in determining whether a dismissal is in furtherance of justice. Subdivision (c)(1) first sets forth the controlling 'furtherance of justice' standard for dismissal. Subdivision (c)(2) then states the court must give great weight to the presence of any one or more of the nine listed mitigating circumstances '[i]n exercising its discretion' whether to dismiss. Subdivision (c)(3) confirms the discretionary nature of this decision by stating that the court 'may exercise its discretion at sentencing' but is not prevented 'from exercising its discretion' earlier in the proceedings." (*People v. Mazur* (2023) 97 Cal.App.5th 438, 445 (*Mazur*).)

"[A]bsent a finding that dismissal would endanger public safety, a court retains the discretion to impose or dismiss enhancements provided that it

12

assigns significant value to the enumerated mitigating circumstances when they are present. [Citation.] In other words, if the court does not find that dismissal would endanger public safety, the presence of an enumerated mitigating circumstance will generally result in the dismissal of an enhancement unless the sentencing court finds substantial, credible evidence of countervailing factors that 'may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice.' " (*People v. Walker* (2024) 16 Cal.5th 1024, 1029 (*Walker*); *Mazur, supra*, 97 Cal.App.5th at p. 445 [we concluded that "the 'endanger public safety' language pertains only to the *weight* a trial court must give to the mitigating circumstances"]; *People v. Ponder* (2023) 96 Cal.App.5th 1042, 1052 (*Ponder*) [the trial court "retains discretion under section 1385[, subdivision] (c)(2) to choose not to dismiss the enhancement in the furtherance of justice for reasons other than public safety"].)

"We review a trial court's order denying a motion to dismiss a sentence enhancement under section 1385 for abuse of discretion. [Citations.] A trial court may abuse its discretion where 'its decision is so irrational or arbitrary that no reasonable person could agree with it,' 'where the trial court was not "aware of its discretion" ' to dismiss a sentencing allegation under section 1385, or 'where the court considered impermissible factors in declining to dismiss.' " (*Nazir v. Superior Court* (2022) 79 Cal.App.5th 478, 490 (*Nazir*).)

B. *Analysis*

In his sentencing brief, Keene cited to each of the nine "mitigating circumstances" in subparagraphs (A) through (I) of subdivision (c)(2) of section 1385; and generally argued that the trial court should "dismiss any

13

existing enhancements on the sentence previously imposed." (Emphasis omitted.)

On appeal, Keene relies on the following three enhancements: (1) multiple enhancements were alleged (§ 1385, subd. (c)(2)(B)); (2) application of the enhancements resulted in a sentence of over 20 years (*id.*, subd. (c)(2)(C)); and (3) the enhancements are based on prior convictions over five years old (*id.*, subd. (c)(2)(H)).

At resentencing, the trial court focused on Keene's prior history, noting he came into this case as a two-striker; that both strikes involved "violent offenses," including Keene's most recent strike in 1993, when he suffered a conviction for voluntary manslaughter and received a 21-year sentence; that he continued his "pattern of violent offenses" when he pled guilty to attempted murder of Patricia F. in 2009; and that due to her "significant injury," the great bodily injury enhancement would remain as it was "part and parcel to the crime and reflect[ed] defendant's actions."

We thus conclude the court properly exercised its discretion when it refused to apply any of the mitigating circumstances in subdivision (c)(2) of section 1385, including the three he now relies on in this appeal, due to its tacit finding that dismissal of the prior serious felony (§ 667, subd. (a)(1)) and/or great bodily injury (§ 12022.7, subd. (a)) enhancements would result in "serious danger to others." (See § 1385, subd. (c)(2); *Nazir, supra*, 79 Cal.App.5th at p. 490.)

In addition, we conclude the trial court properly exercised its discretion when it chose not to dismiss either enhancement for reasons other than public safety. (See *Walker, supra*, 16 Cal.5th at p. 1029; *Mazur, supra*, 97 Cal.App.5th at p. 445; *Ponder, supra*, 96 Cal.App.5th at p. 1052.) At resentencing, the court noted that Keene was facing "a substantial life term"

14

when he accepted the plea agreement that included the aggravated term. Keene's decision to accept a determinate sentence, which included both the prior serious felony and great bodily injury enhancements, separately supports the court's tacit finding that the interest of justice did not warrant dismissal of either enhancement. (§ 1385, subd. (c)(1).)

Keene, however, contends the trial court's failure at resentencing to specifically address any of the three mitigating circumstances warrants reversal of the judgment and remand for a new sentencing hearing. But as noted, Keene in his sentencing brief cited to the "mitigating circumstances" in subdivision (c)(2) of section 1385, and the record discloses the parties, through counsel, stipulated that the court would render a decision based on those briefs and the court file. The record also reflects the court "read and considered" the briefs in advance of the hearing; and the court was aware of its discretion in resentencing Keene, inasmuch as it dismissed the one-year deadly weapon enhancement. (§ 12022, subd. (b)(1).)

Keene also contends the trial court abused its discretion when it refused to strike either of the two remaining enhancements because it relied on a 1981 prior strike conviction for assault with a deadly weapon that allegedly was not included in the accusatory pleading in this case. But that is not correct; as to counts 1 and 2, the first amended information alleged that Keene suffered a prior conviction of a serious and violent felony in Los Angeles County, case No. A369095. In addition, the court referenced the 1981 strike merely to point out that this particular strike—as opposed to the strike from Keene's voluntary manslaughter conviction in 1993—could have been used as a separate basis to impose the serious felony prior. (§ 667,

15

subd. (a).)  On this record, the court's decision not to dismiss any other enhancements was neither irrational nor arbitrary.  (See *Nazir, supra*, 79 Cal.App.5th at p. 490.)

IV.

*Keene Is Not Entitled to a New Resentencing Hearing*

Finally, Keene contends that remand is necessary for a new resentencing hearing as a result of Assembly Bill No. 2483, which added section 1171 effective January 1, 2025.  (Assem. Bill No. 2483 (Stats. 2024, ch. 964, § 2).)  This statute provides that in postconviction resentencing hearings, including under section 1172.75 (§ 1171, subd. (a)), a trial court "shall consider any pertinent circumstances that have arisen since the prior sentence was imposed and has jurisdiction to modify every aspect of the defendant's sentence, including if it was imposed after a guilty plea" (*id.*, subd. (c)(2)).

The People agree that section 1171 applies to Keene, but argue that remand is unnecessary because at his recent resentencing the trial court already considered "any pertinent circumstances" that have arisen since it sentenced Keene in 2009.  (See § 1171, subd. (c)(2).)  We agree with the People.

The record shows Keene included his postconviction record in his resentencing brief.  (See § 1172.75, subd. (d)(3) ["The court [at resentencing] may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since

16

the original sentencing so that continued incarceration is no longer in the interest of justice."].)

Specifically, Keene asked the trial court to consider postconviction factors such as his "disciplinary record and record of rehabilitation while incarcerated," which he argued showed his "achievements" and "capacity for additional personal growth." He noted that while incarcerated, he has "been discipline free"; avoided any involvement with gangs; earned his GED and taken some college courses, including a class in logic and critical thinking; and obtained a "Certificate of Completion" for healthcare facility maintenance during the COVID-19 pandemic. He also asked the court to consider other factors including his age, the length of time he already has served, and his willingness to take responsibility for his actions, all of which supported a finding he allegedly was a "low risk for future violence upon release."

Because the record shows Keene included his postconviction information in his resentencing brief, we conclude the new requirements of section 1171 have already been met; and that remand for another resentencing hearing would be futile and waste precious judicial resources. (See *People v. McVey* (2018) 24 Cal.App.5th 405, 419 [remand would "serve no purpose but to squander scare judicial resources," as the trial court already had considered factors in aggravation and mitigation when imposing the high term on the defendant's firearm enhancement].)

17

## DISPOSITION

We affirm the judgment.

McCONNELL, P. J.

WE CONCUR:

DATO, J.

KELETY, J.