Filed 3/16/26  P. v. Medina CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>FRANCISCO JAVIER MEDINA,<br><br>    Defendant and Appellant. | B346613<br><br>(Los Angeles County<br>Super. Ct. No. TA051693) |

_____

APPEAL from an order of the Superior Court of Los Angeles County, Teresa P. Magno, Judge.  Affirmed.

Nancy Gaynor, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Defendant Francisco Javier Medina appeals following the superior court's summary denial of his Penal Code[1] section 1172.6 petition for resentencing. Medina's appointed appellate counsel filed a brief identifying no issues on appeal and requesting that we follow the procedures outlined in *People v. Delgadillo* (2022) 14 Cal.5th 216. Medina filed a supplemental brief which we address below. We affirm.

## FACTUAL AND PROCEDURAL SUMMARY

In 2002, a jury found Medina guilty of, among other things, first degree murder (§ 187, subd. (a)), premeditated and deliberate attempted murder (§§ 187, subd. (a), 664), shooting at an occupied dwelling (§ 246), and assault with a semiautomatic firearm (§ 245, subd. (b)). The jury also found true special allegations that included that Medina personally used a firearm (§ 12022.5, subd. (a)(1)), personally and intentionally discharged a firearm (§ 12022.53, subd. (c)), and personally and intentionally discharged a firearm causing great bodily injury and death (§ 12023.53, subd. (d)). The court ultimately sentenced Medina to life imprisonment plus 70 years to life plus 26 years 8 months.

In 2024, Medina filed a petition for resentencing pursuant to section 1172.6. The superior court appointed counsel to represent Medina and received briefing as to whether Medina had established a prima facie showing of entitlement to relief. On May 23, 2025, the superior court denied the petition at the prima facie stage because Medina's jury was not instructed on first degree felony murder, natural and probable consequences, or aiding and abetting. The court further found based on the verdict

---

[1] Unspecified statutory references are to the Penal Code.

form that the jury convicted Medina as the actual shooter. Medina's counsel was present at the May 23, 2025 hearing; Medina was not.

Medina timely appealed, and we appointed counsel to represent him. Medina's appellate counsel found no arguable issues to raise on appeal. Counsel informed Medina of her intention to file a brief pursuant to *Delgadillo* and of Medina's right to file a supplemental brief, and provided him with a copy of the appellate record and her *Delgadillo* brief. Medina thereafter filed a supplemental brief, which we have read and considered.

## DISCUSSION

When appointed counsel files a brief in an appeal from the denial of postconviction relief that identifies no appellate issues and the defendant files a supplemental brief, we are "required to evaluate the specific arguments presented in [the defendant's supplemental] brief." (*People v Delgadillo*, *supra*, 14 Cal.5th at p. 232.) We are not, however, required to conduct an independent review of the record to identify arguable issues. (*Ibid.*) Although we have discretion to conduct an independent review, we decline to do so in this case.

In his supplemental brief, Medina asserts two claims of error regarding the superior court's denial of his section 1172.6 petition. He asserts (1) there was no valid waiver of his right to be present at the May 23, 2025 hearing where the court denied his petition, and (2) the instructions given at his trial permitted to the jury to impute malice to him.

Medina had no right to be personally present at the May 23, 2025 hearing as it concerned the legal question of whether he had established a prima facie case for relief. (*People v. Basler* (2022) 80 Cal.App.5th 46, 58-59 [a defendant's right to

3

be present in a postconviction matter arises *after* the defendant has passed the initial eligibility stage]; *People v. Fedalizo* (2016) 246 Cal.App.4th 98, 109 ["it is well established that a represented defendant has no constitutional or statutory right to be present to address purely legal questions"].)  The lack of any waiver from Medina of his presence at the hearing is not reversible error.

We also reject Medina's conclusory assertion that the instructions given to his jury permitted the imputation of malice to him on the murder and/or attempted murder counts.  The record shows the trial court did not instruct Medina's jury on first degree felony murder, the natural and probable consequences doctrine, or aiding and abetting.  As to the murder count, the court did instruct the jury on second degree felony murder.  But the jury did not convict Medina of second degree murder.  It found Medina guilty of first degree murder and therefore necessarily found the murder was willful, deliberate, and premeditated.  With regard to attempted murder, the jury found true a special allegation that Medina acted willfully, deliberately, and with premeditation.  In other words, the jury expressly found that Medina committed both murder and attempted murder with the deliberate intent to kill (§ 188, subd. (a)(1)), thus making him ineligible for relief (see § 1172.6, subd. (a).)

Medina's supplemental brief also asserts claims that alleged instructional errors tainted his murder and attempted murder convictions and that deficiencies existed in the proof adduced at trial of his intent to kill.  These assertions are not cognizable in an appeal from the denial of a postconviction section 1172.6 petition, and we therefore do not address them. (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947 [petition for resentencing under postconviction ameliorative sentencing

4

statute "does not afford the petitioner a new opportunity to raise claims of trial error"].)

## DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED


WEINGART, J.


We concur:



ROTHSCHILD, P. J.



M. KIM, J.